58 So.2d 106

**MARTIN v. CARROLL et al.**

**I Div. 495.**

Supreme Court of Alabama.

April 3, 1952.

Holberg, Tully & Aldridge, Mobile, for appellant.

Alex T. Howard, Mobile, for appellees.

SIMPSON, Justice.

Submission was taken on appellees' motion to dismiss the appeal and on appellant's petition for writ of certiorari.

We hold the petition to be well taken and the motion to be without merit.

The motion to dismiss is grounded on the contention that no sufficient bond was filed with the register and approved by him within the time prescribed by the statute to perfect the appeal. As we will show, this contention cannot be sustained.

The petition for certiorari is rested on the premise that a good and sufficient bond securing the costs of the appeal was filed with the register within the statutory period (six months from the rendition of the decree), but that the register acted contrary to the uncontradicted evidence before him to that effect and misconceived his legal duty in the premises by failing to approve said cost bond, which was tendered to him by one of appellant's solicitors of record, and that therefore the act of the register in failing so to approve said bond should be reversed and an appropriate order here entered in the premises. This is the approved procedure. Baker v. Denniston-Boykin Co., 245 Ala. 407, 17 So.2d.148.

Since the question might be raised with respect to the propriety of this court entertaining jurisdiction of the petition rather than the circuit court, where the cause was pending when the appeal was sought to be taken, some comment seems appropriate.

Section 140 of the Constitution authorizes this court to issue such writs of a remedial nature as may be necessary to give it general superintendence and control of inferior jurisdictions. Usually this power will not be exercised when a court inferior to this one has jurisdiction in respect to the particular matter. Ex parte Cross, 247 Ala. 85, 22 So.2d 378; Ex parte Alabama Textile Products Corp., 242 Ala. 609, 7 So.2d 303, 141 A.L.R. 87, and cases cited.

We noticed in Cross' case, supra, that the circuit court has power and jurisdiction to supervise and control the proceedings of its own officers or subordinates acting in matters germane to their official authority, and ordinarily resort should be had to that court to review or control their official acts.

[3] As pointed out in Baker v. Denniston-Boykin Co., supra, it has been firmly established in this state that the approval of the financial sufficiency of a bond entrusted to an administrative officer is a quasi judicial act by him and his decision is conclusive in an administrative sense, and will not be reviewed by mandamus. Many cases are cited to sustain that view. We therefore observed in that case that such administrative act could be vacated or set aside upon a writ of certiorari where there is no evidence to support the act of the officer or where his act was contrary to the undisputed facts before him.

In that case the showing for review was not sufficient and the writ was denied. But we did refer to the remedy of certiorari under those circumstances. We did not there consider the principle that ordinarily the application should have been made to the circuit court for such a review, with the right of an appeal to this court. But that principle is not inflexible, and has not at all times been followed. Ex parte Alabama Textile Products Corp., supra. And particularly when the question relates to the acquisition of jurisdiction by this court. Ex parte Andrews, 231 Ala. 530, 165 So. 839; Ex parte Jones, 217 Ala. 208, 115 So. 301; Ex parte Ide, 228 Ala. 452, 153 So. 887.

Hence our holding in Baker v. Dennis-ton-Boykin Co., supra, that this court would entertain certiorari on the theory that we will not deny the power or propriety of this court in a matter where the question goes to the power of this court to determine whether its jurisdiction has been invoked. Some of the last cited cases illustrate that this court has determined such questions on application made directly to it.

The facts presented by the record show without conflict that appellant Martin was complainant and appellees Carroll were defendants. A decree was rendered on July 7, 1951, by the circuit court of Mobile County, in equity, dismissing the bill of complaint and granting relief on defendants' cross-bill by vesting title to the real property in suit in the defendants and awarding them a money judgment of $2500 against complainant; thereafter on December 18, 1951 (within six months) appellant's attorney filed with the register a bond securing the costs of said appeal with two sureties; at the same time two bonds of supersedeas were also filed, all bonds having the same sureties. The register did not approve any of these bonds and on or about the 27th day of December, 1951, returned them to appellant's attorney, stating he could not approve them since the sureties were not qualified bondsmen. The uncontradicted evidence, however, is that the cost bond was in all respects good and sufficient.

The certificate of the register filed here with the petition for certiorari shows the cost bond was presented to him in due form and with good and sufficient sureties and within the time prescribed and nothing to the contrary is contended by him. We will, therefore, take that certificate of the register as a waiver of the issuance of the writ of certiorari and as in the nature of a return thereto. So considered, it is appropriate for us to review the proceeding on that basis. Smith v. State, 253 Ala. 277(7), 44 So.2d 250.

As stated, these documents show without conflict that the cost bond was not approved by the register on account of some misconception of its status before him in respect to other bonds submitted at the same time. This decision of the register was in error and should be reversed. Accordingly, an order will be entered to that effect and approving said cost bond as of the day the same was presented to the register for approval. The case may proceed as if the bond were so approved.

Petition granted, order will be entered, and motion to dismiss appeal is overruled.

FOSTER, LAWSON, and STAKELY, JJ., concur.