296 So.2d 912

**Duncan TURNBULL et al.**

v.

**Lamar RENCHER et al.**

Civ. 348.

Court of Civil Appeals of Alabama.

June 28, 1974.

Kenneth Cooper, Bay Minette, for appellants.

William J. Baxley, Atty. Gen., and James T. Pons, Sp. Asst. Atty. Gen., for appellees.

**PER CURIAM:**

Appellants Turnbull are the owners of six lots in Baldwin County, Alabama, described as Lots 20 through 25 of Turnbull's Subdivision as recorded in Map Book 5, page 68 of the Probate Records of Baldwin County, Alabama.

Appellees are the members of the Baldwin County Board of Health, the county health officer, the county sanitation officer, and Dr. Ira Myers, the State Health Officer.

On June 25, 1971, appellants filed with the county health board applications for permits to install a septic tank on each of the above described lots. Attached to each application was a report of the result of a soil examination and percolation test prepared and signed by W. L. Bedsole of Bedsole Surveying Company of Mobile, Alabama. The information contained in these six reports tended to show that a septic tank on each of these lots would function successfully.

Appellee C. K. Zehner, the county sanitation officer, wrote at the bottom of each report the following: "It is our opinion that the use of an individual septic tank system on the lot is not suitable by reason of the following conditions: Disapproved on basis of original report by same surveyor", whereupon the health officer and board of health denied the applications and refused to issue the permits.

Subsequently, the property owners filed a petition addressed to the Honorable Tel-

**14**

fair J. Mashburn, as Judge of the Circuit Court of Baldwin County, Alabama, for an alternative writ of mandamus or a rule nisi requiring the respondents to issue the permits, or appear and show cause why they should not do so. Respondents, after service, first filed a demurrer, which apparently was never ruled upon, then filed a full and complete answer putting in issue the allegation that the failure to approve said lots for installation of septic tanks was a failure to perform a ministerial duty imposed by statute, but on the contrary was a decision involving the exercise of discretion and that such act was reasonable and in accordance with the statutes and rules and regulations of the State Committee of Public Health.

Trial was had without a jury and the evidence heard by Judge Mashburn on September 18, 1973. At the end of the trial, Judge Mashburn announced that he did not find that the defendants acted or operated arbitrarily and that he would deny the petition. Judgment accordingly was entered on November 1, 1973. From the judgment, plaintiffs in the court below perfected this appeal.

We are somewhat handicapped in the deciding of this case in that neither the plaintiffs nor the respondents enlightened us, by pleadings, proof or briefs, as to the existence of statutes or state or local regulations pertaining to the placing of septic tanks on residential property or the issuance of permits for the installation of same. However, plaintiffs alleged in their complaint that the failure or refusal by the defendants to approve the installation of septic tanks on their property constituted a failure on the part of defendants to perform a ministerial duty imposed upon them in their capacities as public health officers by "the statutes of this State". Respondents by their answer tacitly admitted that they were charged with the responsibility of granting permits of the kind applied for, but that they were clothed with the discretion of deciding in each case whether to grant the application would be inimical to

the public health. One of the issues then was whether the duty of issuing such permits was ministerial or quasi-judicial. Plaintiffs claimed it ministerial, the respondents quasi-judicial.

Plaintiffs cite no authority for their contention that the duty was ministerial. Defendants cite Meecham, Public Officer and Officers, pp. 421 and 422 as saying that boards of health are quasi-judicial.

We must assume, therefore, that respondents' were acting under some regulation of the State Board of Health making it unlawful for citizens to install septic tanks without first having obtained the approval of the county board of health. The state board of health would have had the authority to adopt such a regulation under the provisions of Tit. 22, Sec. 7, (1), (4), (6), and (7). However that may be, the case was tried on the contention by the Plaintiffs that the county board of health had the power to issue such permits and that the issuance thereof was a ministerial duty, with no discretion, or that the board acted arbitrarily and abused its discretion by its denial, and the defendants insisting that they were clothed with discretion, and that their decision was made in the exercise of a wise and just discretion, and in the public interest.

There seems no doubt that mandamus is the proper remedy when an administrative board or commission or official has acted, or refused to act, because of bias, favoritism, fraud, or other improper reason. City Council of Montgomery v. West, 149 Ala. 311, 42 So. 1000. However, to warrant the court in issuing a writ of mandamus, it must appear that the complaining party has a clear legal right to the performance of the particular duty sought to be enforced. 52 Am.Jur.2d, Section 64, page 388.

The evidence discloses that the same Mr. Bedsole who made the percolation tests and signed the reports attached to relators' June, 1971 applications had made similar

tests for the same property owners in 1959 and reported that the lots were not suitable for septic tanks. Witness Zehner, sanitation officer for the Baldwin County Health Department, visited the lots in July and September 1971. In examining the test holes made by Bedsole in June he found them to either have caved in or to be filled with water. A week after finding the holes water filled, a subsequent check found the water to have fallen only 17 inches.

Upon finding the soil conditions, drainage, and percolation to be substantially unchanged since the report of 1959, Zehner recommended to the county health officer that the application for permission to build septic tank and field lines on all the lots be denied. Such denial was duly entered.

It was shown that the 1971 report of Bedsole was made in June, a relatively dry month when the water table would tend to be at a low stage. Testimony was given that the suitability of property for septic tank effluent disposal should be determined as of the time of highest rainfall and highest level of the water table. A system which might work well in dry months would overflow and be a health hazard during wet months when the water table is near or above the level of the dispersal field lines.

It was held in L & N RR Co. v. W. E. Solschenberger, 270 Ala. 536, 120 So.2d 704, that on mandamus proceeding to review decree of trial court rendered on testimony taken ore tenus before the court, the usual presumption in favor of the correctness of the court's findings of fact is indulged. In State ex rel. Falkner v. Armstrong, City Comptroller, et al., 217 Ala. 564, 117 So. 187, relator applied to the city commission for a license to operate a dance hall. License was refused, and his petition for mandamus having been denied, relator appealed. In affirming the court said

"If relator shall be able to allege that the city commission, or their authorized agents, in refusing to grant him a license, are actuated by a motive and purpose having no proper relation to the public safety, peace, good order, or decency, the court should, after proof—for all presumptions should be indulged in favor of their action —interfere."

 In this case we think there was a failure of proof that respondents' action in refusing the permits was actuated by any other motive than the protection of the public health, and the trial court correctly denied their application for mandamus.

Affirmed.

The foregoing opinion was prepared by Honorable T. WERTH THAGARD, Supernumerary Circuit Judge, under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945 as amended. His opinion is hereby adopted as that of the Court.

WRIGHT, P. J., and BRADLEY and HOLMES, JJ., concur.