This appeal arises out of an action for damages on account of a fire loss allegedly caused by the negligence of defendants, East Alabama Water, Sewer, and Fire Protection District; Jim Slovensky, individually and as agent, servant, or employee of East Alabama Water, Sewer, and Fire Protection District; and others. East Alabama Water, Sewer, and Fire Protection District and Jim Slovensky were alleged to have been negligent in their undertaking to provide fire protection services regarding a fire which occurred on the business premises of Billie Wayne Weeks. East Alabama and Slovensky moved to dismiss the claims against them based upon negligence because both East Alabama, a public corporation, organized and existing by virtue of the laws of the State of Alabama, Code 1975, § 11-89-1 et seq., and Slovensky were immune from liability for any tort, whether negligent or willful, committed by a director, agent, servant or employee of the district in and about the furnishing of fire protection service, by virtue of the provisions of Code 1975, §11-89-15.[1] The plaintiffs, Billie Wayne Weeks and others, appeal from the judgment, made final by a Rule 54 (b), ARCP, order, dismissing the claims against East Alabama and Jim Slovensky, individually and as an agent, servant or employee of East Alabama, based upon negligence.
The issues to be resolved are: (1) whether the trial court erred in dismissing the claims for negligence against East Alabama and Jim Slovensky, as an agent of East Alabama on the basis of statutory immunity; and (2) whether the trial court erred in dismissing the claims for negligence against Jim Slovensky, individually, because the immunity, if any, afforded by Code 1975, § 11-89-15, applies only to the corporate entity.
Regarding whether the trial court erred in dismissing the claims based upon negligence against East Alabama and Slovensky, as its agent, appellants argue that recent decisions of this court have abolished the defense of governmental immunity and Code 1975, § 11-89-15, unconstitutionally denies plaintiffs due process and equal protection of the laws under the Fourteenth Amendment to the United States Constitution and Article I, §§ 6 and 13 of the Alabama Constitution. Appellants rely on Cook v. St. Clair County, 384 So.2d 1 (Ala. 1980);Lorence v. Hospital Board of Morgan County, 294 Ala. 614,320 So.2d 631 (1975); and Jackson v. City of Florence, 294 Ala. 592, 320 So.2d 68 (1975), for the proposition that this court has abolished governmental immunity from tort liability without exception.
These authorities do not support appellant's conclusion. It is the prerogative of the legislature, within constitutional limits, to authorize a public corporation to sue or be sued.Scotti v. City of Birmingham, 337 So.2d 350 (Ala. 1976). This court recognized that fact with respect to both the city, inJackson, and the county, in Lorence, wherein it declared that:
 Neither is the creation of the Constitution, both are creatures of statute. The fact and nature of their respective existence, as well as the duties, powers, and limitations, are governed solely by legislative mandate. . . .
Proceeding on this premise, this court, in both opinions, held the entities in question subject to suit only after identifying the existence of express statutory authorization *Page 28 
for those entities to be sued. Thus, in Lorence, it is stated:
. . . What is before us is the immunity question with respect to county hospital boards; and because the statute authorizing such corporate entity expressly provides for suits against them, Jackson, in its holding and rationale, compels a like conclusion. [Emphasis added.]
The point was similarly emphasized in Jackson:
 In deciding, as we do, that municipal immunity for tort is abolished in this state after the date of this opinion, we recognize the authority of the legislature to enter the entire field, and further recognize its superior position to provide with proper legislation any limitations or protections it deems necessary . . .
Finally, in Cook, it was said:
 Section 11-1-2, Code 1975, provides, "Every county is a body corporate, with power to sue or be sued in any court of record." This provision contains the words "be sued" which this Court has stated in Lorence, Sims, and Caver to be essential to a determination of statutory authorization of suits against a governmental entity. . . .
These statements demonstrate with clarity and certainty that the three cases upon which appellant relies for his assertion that governmental immunity for torts has been abolished have no application where the legislature has specifically exercised its preemptive right to declare that a public corporation which it has created cannot be sued. Furthermore, these decisions do not address the constitutional issues raised by appellant. Because appellant's brief cites no other authorities to support his contention that Code 1975, § 11-89-15, is unconstitutional as violative of equal protection and due process, it is not necessary to treat these issues. We conclude that East Alabama is afforded immunity from tort liability by § 11-89-15 and affirm the dismissal of tort claims against it.
Slovensky also contends that the action against him, individually, should have been dismissed on the basis of Code 1975, § 6-5-335, which provides:
 When any member of any organized rescue squad or volunteer nonprofit fire department, gratuitously and in good faith, enters any building, house or structure which is burning or endangered by fire and makes efforts to preserve and protect said property and any other property contained therein or located on the premises thereof, such members shall not be liable for any civil damages for such entering or as result of any acts or omissions in rendering such efforts; nor shall such members be liable for any civil damages in rendering such efforts for their acts or omissions causing injuries to fellow volunteers or to owners of said property; provided, however, that this section shall not apply to civil damages for wanton misconduct.
Dismissal is proper under Rule 12 (b)(6), only when it is clearly demonstrated that plaintiff has no claim upon which relief can be granted under any set of provable facts according to a cognizable theory of law. See Lavoie v. Aetna Life andCasualty Co., Inc., 374 So.2d 310 (Ala. 1979). Whether Slovensky is immune from liability because of § 11-89-15 and §6-5-335, or either one of those code sections, depends upon factual determinations that we cannot make from the record before us.
As to Slovensky, the judgment below dismissing all claims against him is reversed and the case is remanded for further proceedings not inconsistent with this opinion.
As to East Alabama, the judgment below is hereby affirmed.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.
[1] § 11-89-15. Furnishing of fire protection service by district declared governmental function; immunity from tort liability of district.
The furnishing of fire protection service by a district is hereby declared to be a governmental function.
The district shall not be liable for any tort, whether negligent or willful, committed by any director, agent, servant or employee of the district in the furnishing of fire protection service or in the construction, maintenance or operation of any fire protection facility. *Page 29