Mrs. Kemsel, an employee of the Alabama Department of Industrial Relations (the employer), was given notice by the director of that department, as her appointing authority, that she would be suspended from work without pay for five days because of an incident which occurred on April 1, 1986, at or near her work place. She exercised her right to a pre-suspension hearing, which was provided to her and which resulted in the affirmance on May 8, 1986, of the five day suspension without pay, with the suspension to commence on May 12, 1986. The employee filed in the Circuit Court of Montgomery County on May 9, 1986, the following pleading, with the employee verifying the truth of the averments thereof.
"APPEAL FROM ADMINISTRATIVE HEARING
 "NOW COMES Debbie Kemsel and appeals from the Decision of The Department of Industrial Relations of the State of Alabama, suspending her from work without pay for five days. Attached hereto is a copy of the letter of suspension, dated April 21, 1986, and the Decision of the Appeals Board affirming said suspension, dated May 8, 1986.
 "Plaintiff avers that said suspension is not supported by the evidence and is without merit.
 "WHEREFORE, Plaintiff prays that this cause be set down for hearing and upon final hearing that said Suspension Order be set aside and held for naught. She further prays that a restraining order be entered against the Defendants, restraining them from putting into effect said Suspension Order until such time as her appeal has been heard."
On May 9, 1986, an order was entered by the circuit court which, pending further orders of that court, suspended the order of the employer which had suspended the employee from work. The employer timely appealed from that judgment under Rule 4(a)(1), Alabama Rules of Appellate Procedure, and raised two issues.
 I.
The employer correctly maintains through able counsel that an appeal cannot be made to the circuit court from an order of an appointing authority which suspends an employee without pay for a period not to exceed thirty days in any year of service. Judicial review is limited to "contested cases" under §41-22-20, Code 1975, and intra-agency personnel actions do not fall within the term "contested case" as defined by §41-22-3(3). Therefore, the Alabama Administrative Procedure Act does not here apply. Likewise, an appeal is not authorized by §36-26-28, Code 1975, which is the only code section that directly pertains to the suspension of an employee without pay. We are cited to no statutory authority for the appeal, and our extensive independent research has revealed no statutory right to appeal such a suspension. We have not located any prior case where such a suspended employee reached the circuit court through an appeal. We are convinced that there is no statutory right for such an appeal.
Where an appeal is not statutorily authorized but nevertheless is taken to the circuit court, and where the appeal itself cannot be reasonably construed to be proceedings for an extraordinary writ, the circuit court has no jurisdiction over the appeal, and its orders in such a case are void except for one dismissing the appeal. Hallman v. City ofNorthport, 386 So.2d 756 (Ala.Civ.App. 1980).
Our first impression was that Hallman applies. In that case, it was not reasonable to treat the appeal to the circuit court as an extraordinary writ proceeding.
However, after due reflection, we are convinced that, here, substance governs rather than form and that the employee's "appeal" should be construed so as to do substantial justice under Rule 8(f), Alabama Rules of Civil Procedure, by treating that pleading as if it were certiorari proceedings. *Page 287 
We opt to do so largely in reliance upon Martin v. Carroll,257 Ala. 179, 58 So.2d 106 (1952), in which it was determined that an administrative act of an administrative officer may be vacated or set aside upon a writ of certiorari where there was no evidence to support the act of the officer or where his act was contrary to the undisputed facts before him. Here, the averred ground for the appeal was that the employee's suspension was not supported by the evidence. That is the equivalent to an averment that the suspension order of the employer was not supported by any evidence. Consequently, the "appeal" reasonably can be treated as proceedings for a writ of certiorari.
 II.
The employer also contends that the appointing authority, when he suspended the employee, clearly acted under authorization of § 36-26-28, Code 1975, and under State Personnel Board Rule 670-X-18-.03, which implements that code section and which has the force and effect of law. Hence, it is argued that an order suspending an employee from work cannot be enjoined by a court unless the decision of the governmental agency was made arbitrarily, capriciously, in bad faith, or as a part of a fraud. City of Huntsville v. Smartt,409 So.2d 1353, 1357 (Ala. 1982). Again, however, the averment in the employee's verified pleading was that the evidence did not support her suspension, which is equivalent to stating that the decision was made arbitrarily or capriciously. We cannot hold, therefore, that the issuance of the pendente lite injunction was not authorized by law.
Finding no error in the issues which were raised as to the trial court's order of May 9, 1986, that order is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.
HOLMES, J., concurs in the result.