This appeal results from the dismissal of five counts of a complaint filed by a tenured junior college teacher.
We first note the procedural posture of this case on appeal. The teacher, Pamela Klein, initially filed a three-count complaint in the Montgomery County Circuit Court. The defendants Klein named in her original complaint were the Alabama Board of Education (the Board) and the Board's Appeals Committee (the Committee). Following the filing of Klein's complaint, the Board and the Committee filed a motion to dismiss pursuant to Alabama Rules of Civil Procedure 12(b)(6). *Page 551 
The Montgomery County Circuit Court, following a hearing on the motion to dismiss, dismissed only Count 1 of Klein's complaint. As her first issue on appeal, Mrs. Klein asserts that this dismissal was improper. Thus, we initially turn to a resolution of whether Count 1 was properly dismissed.
A motion to dismiss for failure to state a claim pursuant to A.R.Civ.P. 12(b)(6) is properly granted when it appears beyond a reasonable doubt that the plaintiff can prove no set of facts to support her claim for relief. Hill v. Kraft, 496 So.2d 768
(Ala. 1986). In other words, "[d]ismissal is proper . . . only when it is clearly demonstrated that plaintiff has no claim upon which relief can be granted under any set of provable facts according to a cognizable theory of law." Weeks v. EastAlabama Water, Sewer Fire Protection District, 401 So.2d 26
(Ala. 1981). Consequently, we look only to the face of Klein's complaint, view the allegations contained therein in a light most favorable to her, and resolve any doubts in Klein's favor.Sims v. Lewis, 374 So.2d 298 (Ala. 1979).
According to the complaint, Pamela Klein was a tenured instructor at Wallace State Community College, and the factual dispute from which her claim arose was "a tenured teaching contract dispute." The complaint indicates Klein's grievance was heard by a local hearing committee whose decision was then reviewed and affirmed by the Board's Appeals Committee. In Count 1 Klein sought judicial review pursuant to the Alabama Administrative Procedure Act, §§ 41-22-1 through -27, Code 1975 (1987 Cum.Supp.) (AAPA), of this order of the Committee affirming the action taken against her by the local hearing committee.
Klein maintained she was entitled to judicial review of this action pursuant to the AAPA for three reasons: (1) the action was not in compliance with the Board of Education Rules and Regulations establishing hearing procedure for faculty members employed by post-secondary education institutions; (2) the record of the proceedings before the Committee did not support her decision; and (3) the decision itself denied Klein due process of law and equal protection under the law.
We affirm the trial court's dismissal of Count 1, because we find the AAPA failed to offer Klein a cognizable theory of recovery. The statutes governing the control and operation of the state's junior colleges reveal the following. Pursuant to section 16-60-110(6), Code 1975, the postsecondary education department has been delegated the responsibility of directing and supervising the state's junior colleges. Additionally, a chancellor has been established as the chief executive officer of the department. §§ 16-60-111.1 and -111.5, Code 1975. The chancellor has the authority to control, manage, and regulate the junior colleges and, concomitantly, to make those decisions necessary for the schools' proper management. §§ 16-60-111.2
and -111.6, Code 1975. Each junior college president makes the day-to-day decisions necessary for his school's operation and is responsible to the chancellor for those decisions. §16-60-111.6, Code 1975.
The definition of "agency" as provided in section 41-22-3(1), Code 1975 (1987 Cum. Supp.), includes "[e]very board, bureau, commission, department, officer, or other administrative office or unit of the state" other than those agencies specifically excluded. We find that the postsecondary education department, in view of its statutorily delineated functions, is the "agency" responsible for the supervision of the state's junior colleges. Although we concede that the postsecondary education department is an "agency," we cannot agree that the proceeding to review Klein's contract dispute can be categorized as a "contested case" within the meaning of section 41-22-3(3), Code 1975 (1987 Cum.Supp.). Thus, Klein had no "cognizable theory of law" pursuant to the AAPA under which she could proceed, and Count 1 was properly dismissed.
In short, "[j]udicial review [pursuant to the AAPA] is limited to 'contested cases' under § 41-22-20, Code 1975, and intra-agency personnel actions do not fall within the term 'contested case' as defined by *Page 552 
§ 41-22-3(3)." Heatherly v. Kemsel, 504 So.2d 285
(Ala.Civ.App. 1986). Action was taken against Klein, and she was afforded a review procedure pursuant to intra-agency regulations. The AAPA does not authorize review of these intra-agency personnel actions as they fail to qualify as "contested cases." § 41-22-3(3), Code 1975 (1987 Cum.Supp.). As a result, we affirm the trial court's ruling that the AAPA affords Klein no remedy.
Although we refused to review the dispute inHeatherly pursuant to the AAPA review procedure, we did review Heatherly's claims by way of certiorari. However, in view of the state of the record now before us and the pendency, in the lower court, of a request for review of the proceedings by certiorari, we decline to proceed pursuant to the remedial writ at this time. See, Martin v. Carroll, 257 Ala. 179,58 So.2d 106 (1952).
The dismissal of Count 1 left two other counts of Klein's original complaint pending — Count 2, which requested a writ of mandamus, and Count 3, which requested declaratory judgment. Klein then amended her complaint by adding Wallace State Community College and its president (College) as defendants, realleging her original claims as to the College, and asserting a 42 U.S.C. § 1983 claim. Klein's reassertion of her original claims as to the College became Count 4 of the complaint and the section 1983 claim was framed as Count 5.
The next action concerning Klein's claims occurred when the Montgomery County Circuit Court dismissed the Board and the Committee as defendants. Our careful examination of the record reveals that this order was never made final, and, further, that a sixth claim requesting review by certiorari is still pending with the trial court.
In this posture of the case, we now look to see if the Board and Committee are properly before this court on appeal. The answer to our question is found in Rule 54(b), Alabama Rules of Civil Procedure, which is as follows:
 "(b) Judgment upon multiple claims or involving multiple parties. When more than one claim for relief is presented in any action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. . . . [A]ny order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
As provided by Rule 54(b), a judgment that does not dispose of all the claims or that is entered as to less than all of the parties is not final for purposes of appeal unless it is so designated by the court. Bowman v. Integrity Credit Corp.,507 So.2d 104 (Ala.Civ.App. 1987).
Fewer than all of Klein's claims have been adjudicated due to her pending request for writ of certiorari. Thus, for purposes of appeal, proper 54(b) orders as to each claim and the dismissal of any parties must be entered. A.R.Civ.P. 54(b). The dismissal of the Board and the Committee has not been made final by a 54(b) order.
We recognize that "an appeal from a final judgment draws into question all non-final orders preceding it." PeringtonWholesale, Inc. v. Burger King Corp., 631 F.2d 1369 (10th Cir. 1979). However, because no final judgment as to all the claims and all the parties has been entered, the court's dismissal of the Board and the Committee remains interlocutory and is not reviewable by way of this appeal. A.R.Civ.P. 54(b).
In other words, because the Board and the Committee were dismissed prior to the court's judgment on Counts 2 through 5 and their dismissal as parties has not been made final, we review only whether Counts 2 through 5 were properly dismissed as to the College. *Page 553 
Following the Board and the Committee's dismissal,, the College moved for a change of venue, and the case was transferred to Cullman County. It was by virtue of an order by the Cullman County Circuit Court that Counts 2 through 5 were dismissed and final judgments entered as to each count.
We now consider that court's action. In doing so, we wish to remind the reader that Klein's appeal is from the trial court's grant of a 12(b)(6) motion to dismiss — this time on Counts 2 through 5. Thus, if we determine that Klein clearly had no claim upon which relief could be granted "under any set of provable facts according to a cognizable theory of law," we will affirm. Weeks, supra.
 Counts 2 and 3
Count 2 of Klein's complaint petitioned the court for a writ of mandamus directing the Board and the Committee to vacate the order of the Committee affirming the recommendations and findings of the local hearing committee. Count 3 requested declaratory relief pursuant to sections 6-6-220 through -232, Code 1975. Specifically, Klein sought an order which would declare her rights, status, and legal relations in such a way as to render the Committee order void.
As previously stated, the Montgomery court's earlier order dismissing the Board and the Committee remains interlocutory. Consequently, a review of the dismissal of Counts 2 and 3 as they applied to the Board and the Committee would be improper, and we will not consider it. A.R.Civ.P. 54(b).
 Count 4
Count 4 of Klein's complaint named as defendant College, alleged College acted in concert with the Board and the Committee in wrongfully cancelling Klein's contract, and realleged as to College the three forms of relief Klein had previously requested as to the Board and the Committee. Those three claims were:: (1) a request for judicial review pursuant to the AAPA; (2) a petition for writ of mandamus; and (3) a request for declaratory judgment.
With regard to Klein's request for relief pursuant to AAPA, we extend our earlier resolution of the issue, as it pertained to the Board and the Committee, to the College. The dismissal of that claim as it applied to the College is affirmed.
We now examine Klein's petition for writ of mandamus. Mandamus is an appropriate remedy for exploring the rights of junior college teachers under teacher tenure laws. Owen v.Rutledge, 475 So.2d 826 (Ala. 1985). However, mandamus will be granted only when there is a clear, specific legal right for which there is no other adequate legal remedy. Campbell v. Cityof Hueytown, 289 Ala. 388, 268 So.2d 3 (1972).
We note that in dismissing Klein's complaint the Cullman County Circuit Court specifically found that Klein was entitled to proceed with her claim by way of writ of certiorari. Consequently, there being another adequate legal remedy on which the teacher could proceed, the trial court did not err in dismissing the mandamus petition as to College. See, Ex parteHennies, 33 Ala. App. 229, 34 So.2d 17 (1947).
The final relief requested by Klein in the fourth count of her complaint was for declaratory judgment. Specifically, Klein sought an order declaring her rights, status, and other legal relations so that the order of the Committee would be held void.
We note that controversies concerning the legalities of action taken by public officers or agencies and the adverse effect of that action against other parties is a proper field for declaratory judgment. Alabama Leisure Enterprises, Inc. v.Macon County Racing Commission, 460 So.2d 195 (Ala.Civ.App. 1984). However, a declaratory judgment is not the proper vehicle for obtaining judicial review of agency action, nor is it the proper mechanism for reversing or rescinding the action.Alabama Leisure.
Thus, although motions to dismiss are rarely appropriate in declaratory judgment proceedings, Wallace v. Burleson,361 So.2d 554 (Ala. 1978), we find it was appropriate in this case. Klein requested a declaratory judgment that would either declare the Committee order null and void, reverse it, or set the order aside. In view *Page 554 
of her requested relief and the rule of law expounded inAlabama Leisure, we find the court was correct in dismissing Klein's request for declaratory relief as to College.
 Count 5
The fifth and final count of Klein's amended complaint requested compensatory damages, punitive damages, and injunctive relief pursuant to 42 U.S.C. § 1983 (1981), in that under color of state law the defendants had deprived and continued to deprive Klein of due process and equal protection.
The trial court dismissed the section 1983 action. Klein maintains the dismissal was improper.
Civil rights suits brought pursuant to 42 U.S.C. § 1983
should not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that under no set of facts or circumstances provable under the pleadings could the complainant recover. James v. Murphy, 392 F. Supp. 641 (M.D.Ala. 1975). The defendants, in brief, contend that the complaint did not allege sufficient facts to support her plea. We agree.
After careful review of the pleadings, we find that Klein fails to allege any facts or circumstances under which she could recover. Specifically, her section 1983 claim alleged only that she had been deprived of her rights. She failed, however, to allege what "right" was deprived. We do note that by way of brief Klein alleges a deprivation of her first amendment rights. However, that allegation was not pleaded, and, as it was not before the trial court, we will not consider it. Winter v. Cain, 279 Ala. 481, 187 So.2d 237 (1966). Consequently, the court did not err in its dismissal of the section 1983 claim.
The judgment of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.