THOMPSON, Judge.
This is an appeal from an order of the Montgomery County Circuit Court denying William Vance and his wife June Vance the right to appeal a decision by the Montgomery County Department of Human Resources (“DHR”) under the Alabama Administrative Procedure Act (“AAPA”). We affirm.
The Vances applied in January 1995 for approval to become adoptive parents. They attended and completed training classes required by DHR and were approved to be foster parents in the summer of 1995. On January 13, 1996, the Vances received a letter from DHR denying their application to become adoptive parents. The Vances appealed this denial to the director of the Montgomery County DHR on February 6, 1996. On February 12, 1996, the Vances received a letter from the director of the Montgomery County DHR notifying them that their request was being reviewed by DHR legal counsel. DHR legal counsel informed the Vances on June 4, 1996, that DHR had yet to make a determination regarding their notice of appeal.
On June 17,1996, the Vances filed a “Petition for Judicial Review” in the Circuit Court of Montgomery County. Following a hearing, the trial judge dismissed the petition, holding that no statute provided for an appeal of the DHR decision to the circuit court and that because there was no fundamental right to become adoptive parents this matter was not a “contested case” within the meaning of § 41-22-3(3), Ala.Code 1975. The Vances appeal.
The Supreme Court of Alabama, interpreting Alabama laws on adoption, has stated:
“In order to adopt a child in Alabama, one must follow the statutory adoption procedures set out by the legislature. See, Code 1975, § 26-10-1, et seq. Adoption is purely statutory and is in derogation of the common law. Doby v. Carroll, 274 Ala. 273, 147 So.2d 803 (1962); Evans v. Rosser, 280 Ala. 163, 190 So.2d 716 (1966). We have always required strict adherence to the statutory requirements in adoption proceedings. Ex parte Sullivan, 407 So.2d 559 (Ala.1981).”
McCoy v. McCoy 549 So.2d 53, 57 (Ala.1989).
The trial court’s order read in part: “It is ORDERED that the [Montgomery County. DHR’s] motion to dismiss is well taken for *495 the following reasons: 1. There is no express statutory provision for an appeal to Circuit Court from the decision of the Montgomery County Department of Human Resources denying an application for adoption.” Indeed, we can find no statute authorizing the Vances to appeal to the circuit court.
In the absence of a statute authorizing an appeal to the circuit court, the proper method of review of an administrative decision is a petition for common law certio-rari review. Personnel Board of Jefferson County v. Bailey, 475 So.2d 863, 867 (Ala.Civ.App.1985). However, there has been no ruling on the Vances’ appeal to the director of the Montgomery County DHR. The Vances have not exhausted their administrative remedies, as required by Alabama law. See Mobile & Gulf R.R. v. Crocker, 455 So.2d 829 (Ala.1984); City of Huntsville v. Smartt, 409 So.2d 1353 (Ala.1982). The Vances sought a circuit court review of their case before the director of the Montgomery County DHR had made a final ruling. Thus, even assuming that the motion for review filed by the Vances could be interpreted as a petition for a writ of certiorari review, there was no final decision of the DHR for the circuit court to review.
There must be a final decision from the Montgomery County DHR on the appeal filed by the Vances before the Vances may petition the circuit court for a common law writ of certiorari to review the DHR decision. The Vances argue that DHR is intentionally delaying its decision on their application to become adoptive parents. In that situation, a petition for a writ of mandamus to compel DHR to make its decision would be appropriate. Turnbull v. Rencher, 53 Ala.App. 12, 14, 296 So.2d 912 (1974).
“Mandamus may issue to compel an exercise of a governmental authority’s discretion. Gardner v. Stevens, 269 Ala. 213, 111 So.2d 904 (1959). However, mandamus is clearly an extraordinary writ that will not lie to review, revise, or control ‘the exercise of discretion reposed in administrative or other governmental bodies.’ Alabama State Tenure Commission v. Mountain Brook Board of Education, 343 So.2d 522 (Ala.1977).”
Fields v. State ex rel. Jones, 534 So.2d 615, 616 (Ala.Civ.App.1987).
The Vances’ petition to the Montgomery County Circuit Court asks for relief as follows:
“WHEREFORE the premises considered, the [Vances] pray this Honorable Court accept jurisdiction of this matter, [to] direct the Department of Human Resources to answer or otherwise plead and upon hearing provide the following relief.
“1. Direct that the [Vances] be granted a hearing pursuant to their Notice of appeal with the Department of Human Resources.
“2. Make a finding that the actions of the Department of Human Resources are tantamount to intentional delay of a decision of [the Vances’] Notice of Appeal and hear evidence on the merits of their application and enter a finding thereon.
“3. Provide such other, further and different relief to which they may be entitled.”
The Vances argue that their petition for judicial review filed in the Montgomery County Circuit Court should be interpreted as a request for extraordinary relief, citing Heatherly v. Kemsel, 504 So.2d 285 (Ala.Civ.App.1986), in support of this argument. Heatherly stated:
“Where an appeal is not statutorily authorized but nevertheless is taken to the circuit court, and where the appeal itself cannot be reasonably construed to be proceedings for an extraordinary writ, the circuit court has no jurisdiction over the appeal, and its orders in such a case are void except for one dismissing the appeal. Hallman v. City of Northport, 386 So.2d 756 (Ala.Civ.App.1980).”
Heatherly, 504 So.2d at 286. The Vances do not specify, either in their petition to the circuit court, quoted above, or in their briefs to this court, the type of extraordinary relief to which they feel entitled. In particular, we can find no request by the Vances for the circuit court to direct DHR to make a determination on their appeal.
*496 Further, a writ of mandamus is appropriate only where the petitioner has a “clear legal right to the performance of the particular duty sought to be enforced.” Turnbull v. Rencher, 53 Ala.App. 12, 14, 296 So.2d 912, 914 (Civ.App.1974). The Vances have not asserted, either in their petition to the circuit court or in their briefs submitted to this court, that they have such a right. Rather, the Vances asked the circuit court to conduct a hearing on the merits of then-application to become adoptive parents. The language in the Vances’ petition to the Montgomery County Circuit Court cannot reasonably be construed as a petition for the necessary extraordinary relief. The trial judge correctly dismissed the Vances’ appeal. We affirm.
Because we affirm the dismissal of this appeal for lack of jurisdiction, we pretermit any discussion of the issue relating to the merits of the Vances’ claim.
AFFIRMED.
YATES and CRAWLEY, JJ., concur.
ROBERTSON, P.J., and MONROE, J., concur in the result.