**Tappi SMALL, Petitioner,**

v.

**DISTRICT OF COLUMBIA OFFICE OF HUMAN RIGHTS, Respondent.**

No. 97–AA–1208.

District of Columbia Court of Appeals.

Argued Nov. 28, 2000.

Decided March 15, 2001.

---

John H. Pye, Jr., Washington, DC, for petitioner.

Sheila Kaplan, Assistant Corporation Counsel, with whom Robert R. Rigsby, Corporation Counsel, Charles L. Reischel, Deputy Corporation Counsel, and Lutz Alexander Prager, Assistant Corporation Counsel, were on the brief, for respondent.

Before STEADMAN, SCHWELB and GLICKMAN, Associate Judges.

Glickman, Associate Judge:

Petitioner Tappi Small filed a complaint with the former Department of Human Rights and Minority Business Development ("DHR"),[1] alleging that the Department of Corrections violated the District of Columbia Family and Medical Leave Act of 1990 ("FMLA"), D.C.Code §§ 36–1301 et seq. (1997), when it terminated her employment while she was on maternity leave. After conducting a preliminary investigation, the DHR found no probable cause to believe that an FMLA violation had occurred, and dismissed the complaint. On Small's motion for reconsideration, the Director of DHR affirmed that determination and formally notified Small that she might seek review in this court pursuant to D.C.Code §§ 36–1309(c) (1997) and 1–1510 (1999). Small filed a timely petition for review in accordance with that notification.

█ Regrettably, the Director's advice to Small was incorrect. We do not have jurisdiction to entertain her petition for review. Under subsection (b) of D.C.Code § 36–1309, the DHR investigated complaints of FMLA violations, determined whether there was probable cause, and— when it found probable cause to exist— held hearings on the allegations, ascertained whether a violation had occurred, and if so awarded relief. Subsection (c) of

---

1. The Department of Human Rights and Minority Business Development, which was renamed the Department of Human Rights and Local Business Development by Mayor's Order 97–169, 44 D.C.Reg. 5863 (September 25, 1997), was abolished effective October 1, 1999. See D.C.Code § 1–2576 (1999). The functions of the Department pertinent to this appeal were transferred to the Office of Human Rights. See D.C.Code §§ 1–2571 et seq. (1999).

§ 36–1309 provides that "[a]ny person who is adversely affected or aggrieved by an order or decision issued pursuant to subsection (b) of this section is entitled to judicial review of the order or decision in accordance with [D.C.Code] § 1–1510, upon filing a written petition for review in the District of Columbia Court of Appeals." When it enacted this provision the Council plainly intended to authorize review in this court of final decisions rendered after a full administrative hearing, but we do not believe the Council intended to authorize appeals to this court of preliminary "no probable cause" determinations.

Section 36–1309(c) refers to judicial review in accordance with § 1–1510. That section of the District of Columbia Administrative Procedure Act ("DCAPA") restricts direct review in this court to decisions in "contested cases." As defined in D.C.Code § 1–1502(8), the term "contested cases" is limited to administrative proceedings in which there is a constitutional or statutory entitlement to a trial-type hearing. As we have held in comparable cases arising under the District of Columbia Human Rights Act, a preliminary determination of "no probable cause" does not require a hearing, is therefore not an agency decision in a "contested case," and hence is not reviewable under § 1–1510 by petition to this court. *See Simpson v. District of Columbia Office of Human Rights,* 597 A.2d 392, 397 (D.C.1991); *New Travel, Inc. v. District of Columbia Office of Human Rights,* 530 A.2d 217 (D.C.1987); *Lamont v. Rogers,* 479 A.2d 1274, 1278 (D.C.1984). The Council was presumptively aware of the contested case requirement of § 1–1510, and of this court's application of that requirement to "no probable cause" determinations, when it enacted the FMLA in 1990. *See Lucas v. United States,* 602 A.2d 1107, 1110 (D.C.1992). There is no indication that the Council intended to overrule precedent and abrogate the contested case requirement in the context of the FMLA, and we conclude that it did not do so.[2]

■ Our holding that we are without jurisdiction does not mean that Small cannot obtain judicial review of the "no probable cause" determination in this case. Rather her recourse is to file an action seeking review in the Superior Court. *See Simpson,* 597 A.2d at 397–98. Respondent concedes, moreover, that DHR's error in misinforming Small that her appeal lay in this court rather than in the Superior Court may operate as an estoppel to toll the running of the statute of limitations applicable to the filing of her appeal in Superior Court.[3] *Cf. Partnership Placements, Inc. v. Landmark Ins. Co.,* 722 A.2d 837, 842 (D.C.1998); *Cobo v. District of Columbia Dep't of Employment Serv.,* 501 A.2d 1278, 1279 (D.C.1985). The question, which is potentially fact-dependent, should be addressed by the Superior Court in the first instance.

For the foregoing reasons, Small's petition for review is dismissed for lack of jurisdiction, without prejudice to her insti-

---

2. Had the Council intended to authorize a petition to this court to review an agency "no probable cause" determination, its power to do so would have been in serious doubt. Under D.C.Code § 11–722 (1995), this court has jurisdiction to review administrative orders and decisions "in accordance with" the DCAPA, including § 1–1510. The Council is precluded from expanding that jurisdiction by D.C.Code § 1–233(a)(4) ("The Council shall have no authority to ... [e]nact any act, resolution, or rule with respect to any provision of Title 11 (relating to organization and jurisdic-tion of the District of Columbia courts")). The existence of this provision bolsters our conclusion that the Council did not intend to expand the jurisdiction of this court to encompass petitions for review of agency "no probable cause" determinations.

3. We held in *Simpson,* 597 A.2d at 400, that an appeal from a "no probable cause" determination of the Office of Human Rights was governed by the three-year limitations period in D.C.Code § 12–301(8) (1995).

tution of an appeal in the Superior Court.[4]

*So ordered.*

4. Small has suggested that we award her attorney's fees and damages because respondent misled her into filing her appeal in the wrong place. We express no view on the merits of that request, which should be addressed to the Superior Court or, in the event Small ultimately prevails, to the Office of Human Rights. *See* D.C.Code § 36–1309(b)(7) (authorizing award of costs and reasonable attorney's fees to prevailing party in administrative proceeding).