CRAWLEY, Judge.
Auburn University accused Dr. Charlie Gibbons of misusing funds from the intramural sports program at Auburn University at Montgomery (“AUM”) and terminated him from his position as an associate professor and director of intramural athletics. The University also filed a complaint with the Ethics Commission (“the Commission”), alleging that Gibbons had violated the Ethics Act (“the Act”) by using his position for personal gain. See § 36-25-5, Ala.Code 1975.
The Commission investigated the complaint, held a hearing, determined that there was probable cause to believe that Gibbons had violated the Act, and referred the matter to the attorney general for further review and for possible prosecution. Gibbons then filed in the Montgomery Circuit Court a petition seeking judicial review of the Commission’s probable-cause determination. The circuit court dismissed the petition, and Gibbons appealed. We hold that the circuit court had no jurisdiction to consider the petition and, therefore, that we have no jurisdiction to consider the appeal. Accordingly, we dismiss the appeal.
The Alabama Administrative Procedure Act (“AAPA”) provides that judicial review of an action by an administrative agency is limited to a “final decision” in a “contested case.” See § 41-22-20, Ala. Code 1975; Heatherly v. Kemsel, 504 So.2d 285, 286 (Ala.Civ.App.1986). The Commission’s probable-cause determination was neither a “final decision” nor the result of a “contested case.”
The Commission has statutory authority to investigate complaints, see § 36-25A(7), Ala.Code 1975, and to “[r]e-port suspected violations of [the ethics] law to the appropriate law-enforcement authorities,” see § 36-25-4(8), Ala.Code 1975. The Commission, however, has no independent authority to prosecute or adjudicate. See Allen v. State, 380 So.2d 313, 326 (Ala.Crim.App.1979), cert. denied, 380 So.2d 341 (Ala.1980). Section 36-25-27(c), Ala.Code 1975, provides:
“In the event the commission, by majority vote, finds that any provision of [the Act] has been violated, the alleged violation and any investigation conducted by the commission shall be referred to the district attorney of the appropriate jurisdiction or the Attorney General. The Commission shall provide any and all appropriate assistance to such district attorney or the Attorney General. Upon the request of such district attor *803 ney or the Attorney General, the commission may institute, prosecute, or take such other appropriate legal action regarding such violations, proceeding therein with all rights, privileges, and powers conferred by law upon assistant attorneys general.”
A “contested case” is defined in the AAPA as
“[a] proceeding, including but not restricted to ratemaking, price fixing, and licensing, in which the legal rights, duties, or privileges of a party are required by law to be determined by an agency after an opportunity for hearing. The term shall not include intra-agency personnel actions; shall not include those hearings or proceedings in which the Alabama Board of Pardons and Paroles considers the granting or denial of pardons, paroles or restoration of civil and political rights or remission of fines and forfeitures; and which are exempt from Sections 41-22-12 through 41-22-21, relating to contested cases.”
§ 41-22-3(3), Ala.Code 1975 (emphasis added). A probable-cause determination by the Commission is a preliminary finding; it does not finally adjudicate a party’s “legal rights, duties, or privileges.” As the federal district court for the Middle District of Alabama observed, “[T]he State Ethics Commission does not perform an adjudicatory function.” Hunt v. Anderson, 794 F.Supp. 1557, 1565 (M.D.Ala.1992). Instead, the Commission performs an investigatory function, much like a grand jury. See United States v. Powell, 379 U.S. 48, 57, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964) (stating that an administrative agency’s “investigative function, in searching out violations with a view to securing enforcement of [its enabling] Act, is essentially the same as [a] grand jury’s”). See also § 36 — 25—4(b), Ala.Code 1975 (mandating that proceedings before the Commission be subject to the “secrecy and nondisclosure” requirements of §§ 12-16-214 to 12-16-216, inclusive, relating to grand jury proceedings). “[A] grand jury sits not to determine guilt or innocence, but to assess whether there is an adequate basis for bringing a criminal charge.” Ex parte Gonzalez, 686 So.2d 204, 206 (Ala.1996).
Other jurisdictions have determined that a probable-cause determination by an administrative agency is not the result of a “contested case.” In Small v. District of Columbia Office of Human Rights, 768 A.2d 994, 996 (D.C.App.2000), the District of Columbia Department of Human Rights had determined that there was “no probable cause” to believe that an employer had violated the Family and Medical Leave Act by terminating an employee while the employee was on maternity leave. Like the comparable provision of the AAPA, § 1-1502(8) of the District of Columbia Administrative Procedure Act restricted judicial review to decisions made in “contested cases.” The District of Columbia Court of Appeals held that the “no-probable-cause” determination was not the result of a “contested case” and was not, therefore, subject to judicial review. Dismissing the petition for judicial review based on lack of jurisdiction, the court stated:
“[T]he term ‘contested cases’ is limited to administrative proceedings in which there is a constitutional or statutory entitlement to a trial-type hearing. As we have held in comparable cases arising under the District of Columbia Human Rights Act, a preliminary determination of ‘no probable cause’ does not require a hearing, is therefore not an agency decision in a ‘contested case,’ and hence is not renewable ... by petition to this court.”
Small, 768 A.2d at 996. See also Iowa Civil Rights Comm’n v. Deere & Co., 482 *804 N.W.2d 886, 388 (Iowa 1992); Brian v. State ex rel. Oregon Gov’t Ethics Comm’n, 320 Or. 676, 681, 891 P.2d 649, 652 (1995).
Because the Commission’s probable-cause determination was not a final decision in a contested case, the circuit court had no jurisdiction to review the determination, and its judgment of dismissal was a void judgment. Therefore, we have no jurisdiction to entertain the appeal. Consequently, we must dismiss the appeal.
APPEAL DISMISSED.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result.