INGRAM, Judge.
This is an appeal by plaintiffs from the grant of a summary judgment for the defendants in an action based on negligent and wanton conduct.
The defendants contend that they are immune from liability pursuant to Art. I, § 14, of the Constitution of Alabama 1901, in that they are agents of the State of Alabama. Defendants further contend that all actions taken by them were within the decision-making process and as such were discretionary functions and also immune.
The facts in pertinent part reveal that plaintiffs Lorenzo and Angela Romona Williams purchased a new home for which a septic tank was required. The septic tank system was inspected by an employee of the Madison County Board of Health (board/defendant) and was “not approved.” A sewage disposal report was then completed, signifying this nonapproval.
The record further reveals that, although the septic tank system was not approved, it had been reported as approved to the plaintiffs’ mortgage company and to the Huntsville utilities. Therefore, as noted above, the plaintiffs filed an action for negligent reporting and for wantonness in the reporting.
Plaintiffs have presented several issues for our consideration, all relating to the basic question of immunity from liability.
I.
First, as concerns the grant of summary judgment for the board/defendant, we affirm. The plaintiffs contend that the board/defendant is not a state agency and thus is not immune from liability. We disagree.
*455 It would appear to this court that the board/defendant is a local agency of the State of Alabama and not an agency of the county. The county boards of health are created pursuant to Ala.Code 1975, § 22-3-1, and are under the “general supervision and control of the state board of health.” The county boards of health are charged by the legislature with the task of supervising the enforcement of health laws of the state within the counties. Ala.Code 1975, § 22-3-2. They execute a state function and not a county function. See Hutt v. Etowah County Board of Education, 454 So.2d 973 (Ala.1984). Further, the employees of the board/defendant are subject to the state merit system. Section 22-3-4. They receive their salaries from the comptroller of the State of Alabama through the State Health Department finance office. Therefore, we find that the board/defendant is a state agency and partakes in the state’s immunity from liability, and thus summary judgment was correct as to the board.
II.
The plaintiffs also contend that the Madison County health officer (Dr. Lawrence L. Robey) and the supervisor (Cecil M. Tipton) are liable in their official and individual capacities. The plaintiffs argue that Robey failed to establish procedures and to properly supervise his employees and thereby breached his standard of care, thereby causing the wrong information to be conveyed.
As concerns Tipton, the plaintiffs concede that he is a state employee (presently retired). However, the plaintiffs contend that it was Tipton who negligently completed the form which reported to the mortgage company that the septic tank had been approved when, in fact, it had not. The plaintiffs contend that the task of reporting was a ministerial task and that Tipton is therefore liable in his individual capacity.
As concerns Robey, we find that the trial court was correct in granting summary judgment. The record reveals that Ro-bey had no direct supervisory activity involving the environmental division of the Madison County Health Department, through which septic tank permits are issued. He had no personal contact with the permit in question prior to the time this present action was initiated. Additionally, there are no allegations of, or any facts tending to support, any situation of negligent supervision or any intent by Robey to injure the plaintiffs. Therefore, as noted above, the trial court was correct in granting summary judgment to Robey.
However, as concerns Tipton, we find that we must reverse the trial court. The record is clear that Tipton incorrectly completed a form which erroneously reported to the plaintiffs’ mortgage company that the septic tank had been approved. As such, we find that Tipton was performing a ministerial task rather than a discretionary function. See DeStafney v. University of Alabama, 413 So.2d 391 (Ala.1981). Also, see Bell v. Chisom, 421 So.2d 1239 (Ala.1982). Therefore, Tipton could be held liable for his actions, and the trial court erred in granting him a summary judgment.
We are not to be understood as saying that Tipton was negligent in filling out the report, but only that this was a ministerial function and that he is not immune from suit by the plaintiffs.
This case is due to be affirmed in part and reversed in part.
AFFIRMED IN PART; REVERSED IN PART.
BRADLEY, P.J., and HOLMES, J., concur.