The issue presented in this case is whether the trial court, in entering a summary judgment in favor of defendant Leverett Blankenship, correctly held that Blankenship was immune from liability under Section 14 of the Alabama Constitution of 1901.
This case involves a suit for damages against Blankenship, a state employee, who worked as an environmentalist for the Morgan County Health Department.[1] The plaintiffs, Roger Pack and RDC Builders, Inc. ("RDC"), claimed to have been harmed as a result of Blankenship's representations to them regarding the installation of a sewer system.
The following facts are undisputed:
 "Plaintiffs Roger Pack and RDC Builders, Inc., agreed to build a house on property in Morgan County, Alabama. Leverett Blankenship, an environmentalist with the Morgan County Health Department, issued to the Plaintiffs a permit to install a sewage system on the proposed building site. In the permit, Blankenship filled in the blank for the percolation rate on the property as being 14 minutes per inch. He also listed certain conditions that any on-site sewage disposal system must meet in order to be approved.
 "Plaintiff relied on the information provided by defendant Blankenship in the sewage system permit. He built a house on the property and installed a sewage system according to Blankenship's conditions and in conformity with a percolation rate of 14 minutes per inch."
Appellants' brief at p. 3 and Appellee's brief at p. vii.
After the house was built, Blankenship informed Pack that the information upon which he had based his approval was incorrect, that the soil would not support septic tank systems, and that he could not approve *Page 401 
an on-site sewage disposal system on the property. Pack and RDC sued Morgan County and Blankenship, alleging fraudulent misrepresentation, negligence, wantonness, fraudulent concealment, and negligent performance of a ministerial task. The plaintiffs later amended their complaint to add a count alleging negligence in the completion of ministerial tasks. The trial court granted both defendants' motions for summary judgment. Pack and RDC appeal only the judgment in Blankenship's favor.
The summary judgment in favor of Blankenship was appropriate only if there was no genuine issue of material fact and Blankenship was entitled to a judgment as a matter of law. Rule 56(c), Ala. R.Civ.P. The burden was on Blankenship to make a prima facie showing that no genuine issue of material fact existed and that he was entitled to a judgment as a matter of law. If Blankenship made that showing, then the burden shifted to Pack and RDC to present evidence creating a genuine issue of material fact to avoid entry of a judgment against them.Stafford v. Mississippi Valley Title Insurance Co.,569 So.2d 720, 722 (Ala. 1990). In determining whether a genuine issue of material fact existed, this Court must view the evidence in a light most favorable to the plaintiffs and must resolve all reasonable doubts against the defendant.Id. Because this action was filed after June 11, 1987, the applicable standard of review is the "substantial evidence" rule. Ala. Code 1975, § 12-21-12. "Substantial evidence" has been defined by this Court as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. ofFlorida, 547 So.2d 870, 871 (Ala. 1989).
 I.
Blankenship first contends that Pack and RDC appealed to the wrong court. He says that the present action involves an appeal of a regulatory action taken by a state agency, and that under Ala. Code 1975, § 12-3-10, such an appeal should be to the Court of Civil Appeals rather than this Court. Section 12-3-10
gives the Court of Civil Appeals "exclusive appellate jurisdiction" in several classes of cases, including "all appeals from administrative agencies other than the Alabama public service commission."
This Court interpreted this language in Kimberly-Clark,Inc. v. Eagerton, 433 So.2d 452, 454 (Ala. 1983), to include "all appeals involving the enforcement of, or challenging, the rules, regulations, orders, actions, or decisions of administrative agencies." This case, however, does not involve an appeal from a ruling or decision by an administrative agency. Pack and RDC are not seeking a review of the Morgan County Health Department's decision not to approve a sewer system on the property. Instead, Pack and RDC have sued Blankenship for damages for fraud and negligence. Nothing in § 12-3-10 gives the Court of Civil Appeals exclusive appellate jurisdiction over appeals from civil actions against state employees. We, therefore, find the defendant's attack on the jurisdiction of this Court to be without merit.
 II.
Blankenship next argues that he is being sued in his official capacity only and that this action is equivalent to a suit against the State itself. Section 14, Ala. Constitution of 1901, which provides that "[t]he State of Alabama shall never be made a defendant in any court of law or equity," prohibits lawsuits against the State. Moreover, "[s]ection 14 not only prevents a suit against the State, but against its officers and agents in their official capacity, when a result favorable to the plaintiff or complainant would directly affect a contract or property right of the State." Milton v. Espey,356 So.2d 1201, 1202 (Ala. 1978).
A review of the original complaint in our case reveals that Pack and RDC sued Blankenship individually, as well as in his official capacity. This Court stated in Milton that when "determining whether an action against a State officer or agent is in fact a suit against the State, the court *Page 402 
considers the nature of the suit or the relief demanded."356 So.2d at 1202. Pack and RDC are seeking damages for fraud and negligence against Blankenship as an individual, not against the State; therefore, a judgment in favor of Pack and RDC would not "directly affect a contract or property right of the State," and thus this action is not equivalent to an action against the State.
Because we have determined that this suit is not an action against the State, we must next determine whether Blankenship's actions are otherwise protected by Section 14. In DeStafneyv. University of Alabama, 413 So.2d 391, 393 (Ala. 1981), this Court espoused the tort liability rule with regard to public officials and state employees proposed by theRestatement (Second) of Torts, § 895D, "Public Officers" (1974), which states:
 "(1) Except as provided in this Section a public officer is not immune from tort liability.
 "(2) A public officer acting within the general scope of his authority is immune from tort liability for an act or omission involving the exercise of a judicial or legislative function.
 "(3) A public officer acting within the general scope of his authority is not subject to tort liability for an administrative act or omission if
 "(a) he is immune because engaged in the exercise of a discretionary function,
 "(b) he is privileged and does not exceed or abuse the privilege, or
 "(c) his conduct was not tortious because he was not negligent in the performance of his responsibility."
Pack and RDC have sued Blankenship for (1) fraudulent misrepresentation, (2) negligence, (3) wantonness, (4) fraudulent concealment, and (5) negligent performance of a ministerial task. We will first consider counts 1 and 4, the counts involving fraud.
 A. The fraud claim
In Milton v. Espey, 356 So.2d 1201 (Ala. 1978), Milton, assistant director of the University of Alabama student center, sued Espey, the director of the center, alleging breach of an employment contract, negligence, and fraud. Milton claimed that Espey breached the employment contract that he had negotiated with Milton, and that Espey was negligent in his supervision of Milton. Finally, Milton alleged fraud in that, he claimed, Espey made false representations to Milton during employment negotiations that Milton relied on to his detriment. We affirmed a summary judgment in favor of Espey on the breach of contract and negligence counts. With regard to the fraud count, we stated:
 "Count Three which alleges fraud presents an entirely different situation. . . .
 "[Aland v. Graham, 287 Ala. 226, 250 So.2d 677 (1971),] does not purport to list all classes of cases not within the prohibition of Section 14. In Unzicker v. State, 346 So.2d 931 (Ala. 1977), this court observed that:
 " 'While the State itself may not be made a party to such action, it does not necessarily follow that its officers, Ray Bass, Claude Kelley, and Governor Wallace, in their respective capacities, are also immune. The essence of plaintiffs' complaint is that these officers of the State acted fraudulently, in bad faith, beyond their authority, or acted under a mistaken interpretation of the law. Such allegations bring this case within those not protected by Section 14 of the Constitution. [Citations omitted].' "
Milton, 356 So.2d at 1203 (quoting Unzicker v.State, 346 So.2d 931 at 933 (Ala. 1977) (emphasis added inMilton).
Like the claims in Milton and Unzicker, the essence of Pack and RDC's complaint is that Blankenship acted fraudulently and in bad faith. Such allegations are not protected by Section 14. Accordingly, we conclude that the trial court erred in entering the summary judgment for Blankenship on the fraud counts.
 B. The negligence claims
Regarding the negligence claims, we must determine whether Blankenship was exercising a "discretionary function" and *Page 403 
was thus entitled to qualified immunity under Section 14. To determine whether Blankenship's actions were taken in the fulfillment of "discretionary" functions, we look to see how such questions have been decided previously.
In Williams v. Madison County Board of Health,523 So.2d 453 (Ala.Civ.App. 1988), the Court of Civil Appeals held that a county health department supervisor was exercising a "ministerial task" when he incorrectly completed a form that reported to the plaintiff's mortgage company that plaintiff's septic tank had been approved when, in fact, it had not. It appears from the facts of Williams that the supervisor had no part in inspecting the septic tank system; this fact distinguishes that case from the present case. The supervisor merely filled out a form to report to the mortgage company that the septic tank had been approved by another employee. The Court of Civil Appeals held that the defendant's completion of the form was a ministerial task rather than the performance of a discretionary function, and that the supervisor could, therefore, be held liable for his actions.
In Turnbull v. Rencher, 53 Ala. App. 12,296 So.2d 912 (1974), the plaintiffs petitioned a writ of mandamus to require the county sanitation officer and other members of the county board of health to issue permits for individual septic tank systems on certain lots. The plaintiffs alleged that the defendants' failure to approve the installation of the septic tanks constituted the failure to perform a "ministerial task," but the defendants claimed that this failure was an exercise of discretion. The defendant sanitation officer had visited the lots and had checked the water level before recommending to the county health officer that the plaintiffs' application for permission to build the septic tank be denied. The Court of Civil Appeals held that mandamus was improper because the plaintiffs had failed to prove that the sanitation officer's refusal of the permits was not motivated solely by a desire to protect the public health. Because it must appear that the party seeking a writ of mandamus has a "clear legal right" to the performance sought by the petition, the holding implies that the sanitation officer was exercising a discretionary function.
In Taylor v. Shoemaker, 605 So.2d 828 (Ala. 1992) (on rehearing), we discussed the factors from theRestatement (Second) of Torts § 895D "Public Officers" comment f (1977) to be considered when determining whether a particular state officer's actions are discretionary. A complete recitation is unnecessary, but certain factors are particularly relevant: the likelihood of frequent accusations of wrongful motives, the nature and importance of the function, the likelihood of public harm if the action is taken or not taken, and the nature and seriousness of the type of harm involved. See also Phillips v. Thomas, 555 So.2d 81,84 (Ala. 1989).
Based on these factors, we conclude that Blankenship, in his motion for summary judgment, provided evidence to show that he was exercising a discretionary function when he determined that a septic tank permit should not be issued to Pack, and that no genuine issue of material fact existed as to that matter. At that point, the burden shifted to Pack to present "substantial evidence" creating a genuine issue of material fact as to whether Blankenship's actions were taken in fulfillment of a discretionary function or in fulfillment of a ministerial function. This we find Pack did not do; therefore, we affirm the trial court's summary judgment on the negligence counts.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
SHORES, ADAMS, STEAGALL and KENNEDY, JJ., concur.
HOUSTON and INGRAM, JJ., concur in the result in part, dissent in part.
[1] In Williams v. Madison County Bd. of Health,523 So.2d 453 (Ala.Civ.App. 1988), the Court of Civil Appeals held that county boards of health were local agencies of the State of Alabama. Implicitly, then, Williams holds that employees of county boards of health are state employees. We find the Court of Civil Appeals' reasoning and holding inWilliams, on this issue, persuasive and we expressly adopt it today. We note that the Legislature has spoken to this issue by making county and district health department employees members of the state merit system. § 36-26-83, Ala. Code 1975.