CRAWLEY, Judge.
In August 1994, Sheila Franks Smith, individually, and as mother and next friend of Jordan Franks, sued Linda Lea Clark; Steven Smith; James L. Carroll; Jefferson County, d/b/a Birmingham Rabies Control; the Jefferson County Board of Health; and the City of Birmingham. She alleges that the defendants had negligently allowed a dog to bite her daughter, Jordan Franks, and she requested damages both for herself and for her daughter. In April 1995, Sheila Smith added Rabies Control, Inc., as a defendant. The trial court eventually dismissed the action as to all the defendants. Sheila Smith appealed the judgment, but only as it related to the defendant Steven Smith. The Supreme Court transferred the case to this court, pursuant to Ala.Code 1975, § 12-2-7(6).
The trial court dismissed the action as to the Jefferson County Board of Health, Steven Smith, and James L. Carroll, in September 1994. In March 1999, Sheila Smith moved to set aside the order dismissing as to these three defendants. Steven Smith contends that the March 3, 1999, motion to set aside the dismissal, which had been entered more than four years earlier is untimely. We disagree.
Rule 59, Ala. R. Civ. P., requires that a motion to set aside a judgment be filed within 30 days of the judgment; however, the order dismissing as to Smith was not a final judgment in September 1994. Rule 54(b), Ala. R. Civ. P., states:
“[A]ny order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.”
The dismissal of Steven Smith was not final until March 8, 1999, when the trial court dismissed the last defendant — that is when all the claims affecting all the parties were resolved. Therefore, the March 1999 motion to set aside the dismissal of Steven Smith was timely.
*191 The trial court considered evidence outside the pleadings when it ruled on Sheila Smith’s motion to set aside the dismissal of Steven Smith. Therefore, the motion to dismiss was converted to a motion for summary judgment. Rule 12(b), Ala. R. Civ. P. A motion for summary judgment is to be granted when no genuine issue of material fact exists and- the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. See West v. Founders Life Assurance Co. of Florida, 547 So.2d 870 (Ala.1989), and Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989), for a discussion of the application of the substantial-evidence rule in the summary-judgment context.
To support her motion to set aside the dismissal, Sheila Smith attached depositions of Steven Smith and the defendant Clark that had been taken in this case, and depositions of Steven Smith, the defendant Carroll, and the defendant Clark that had been taken in another case in which Clark had been sued for negligence arising from her dog’s biting another person. Steven Smith contends that the depositions from the other case are not relevant to this case and that they are thus inadmissible and should not be considered. The trial court ordered that the depositions from the other case be made a part of the record in this case. Steven Smith did not file in the trial court a motion to strike these depositions from the record.
Inadmissible evidence is not to be considered as substantial evidence that would create a genuine issue of material fact to defeat a summary-judgment motion. Rule 56(e), Ala. R. Civ. P.; Perry v. Mobile County, 533 So.2d 602 (Ala.1988). Inadmissible evidence can be considered if the party against whom the evidence is offered does not object by moving to strike the evidence. Perry, supra. If the consideration of the inadmissible evidence would cause a ‘“gross miscarriage of justice,’” then that evidence will not be considered, regardless of whether there was an objection. Id. at 604-05 (quoting Charles Alan Wright et al., Federal Practice and Procedure: Civil 2d § 2738 (1983)). See also Ex parte Diversey Corp., 742 So.2d 1250 (Ala.1999).
As stated above, Steven Smith did not move to strike the depositions from the other case. He argues in his brief that he did not do so because the trial court had denied the motion to set aside the dismissal before it considered the depositions. However, as also stated above, the trial court specifically .ordered that those depositions be made a part of the record, and Steven Smith never objected to making them a part of the record. Steven Smith does not argue how the court’s considering the depositions would constitute a “gross miscarriage of justice.” Therefore, we conclude that Steven Smith waived any argument he now makes regarding the admissibility of the depositions.
In his motion to dismiss, Steven Smith argued that, as an employee of the Jefferson County Board of Health, he was entitled to discretionary-function immunity and that that immunity would bar Sheila Smith’s lawsuit against him. This court has held that a county board of health is a state agency and that it and its employees are entitled to the State’s sovereign immunity. Williams v. Madison County Bd. of Health, 523 So.2d 453 (Ala.Civ.App.1988). However, such an employee is immune only from actions that are based on the employee’s discretionary functions, and not from those based on the employee’s performance of ministerial tasks. Id. Therefore, we must determine whether, in regard to the actions complained of in this lawsuit, Steven Smith was performing a discretionary function or a ministerial task.
It is undisputed that Linda Lea Clark, an employee at the animal shelter operated by the Jefferson County Board of Health, purchased a dog from the shelter, and that that dog bit Jordan Franks, the daughter of Sheila Smith. It is also undisputed that the same dog had been picked *192 up earlier by the animal shelter after it was identified as having bitten a person; no one claimed ownership of the dog. It is undisputed that Steven Smith authorized the sale of the dog to Clark. Sheila Smith argues that Steven Smith violated Ala. Code 1975, § 3-7A-9,- when he sold the dog to Clark. Steven Smith contends that the sale of the dog was authorized by § 3-7A-8.
Section 3-7A-9 states in pertinent part:
“(a) Whenever the rabies officer or the health officer shall receive information that a human being has been bitten or exposed by a dog or cat required to be immunized against rabies, the health officer or his authorized agent shall cause said dog or cat to be placed in quarantine under the direct supervision of a duly licensed veterinarian for rabies observation as prescribed in Section 3-7A-1. It shall be unlawful for any person having knowledge that a human being has been bitten or exposed by a dog or cat to fail to notify one or more of the aforementioned officers.
“(b) When said dog or cat is unowned, as determined by the rabies officer or the health officer after reasonable investigation, or where the owner of a dog or cat agrees in writing, or when ordered by the health officer, the animal shall be humanely destroyed immediately after the exposure and the head shall be submitted for rabies examination to the state health department laboratory.” Section 3-7A-8 states:
“All dogs or cats which have been impounded for lack of rabies immunization in accordance with the provisions of this chapter, due notice of which shall have been given to the owner as provided in Section 3-7A-7, may be humanely destroyed and disposed of when not redeemed by the owner within seven days.... At his discretion, the said impounding officer may sell any dog or cat not redeemed or claimed or otherwise disposed of, to any purchaser desiring the said animal, which said purchaser must comply with all the provisions of this chapter.”
Steven Smith contends that § 3-7A-8 gives him the discretion to sell an impounded animal, and he argues that he cannot be sued for exercising that discretion. Sheila Smith argues that Steven Smith’s authorizing the sale of the dog to Clark violated § 3-7A-9, which requires the destruction of an unowned animal that has bitten a person. As stated above, the dog was picked up by the animal shelter for having bitten a person, and the dog was unowned. Section 3-7A-9(b) governs the disposal of an unowned animal that has bitten a person. Section 3-7A-8, which authorizes an impounding officer to sell a dog under certain circumstances, does not govern an unowned or unclaimed animal that has bitten a person. Steven Smith’s actions in this case are governed by § 3-7A-9(b), and that section imposes a mandatory duty, a ministerial duty, to destroy an unowned animal that has bitten a person. Therefore, Steven Smith’s actions in this case are not subject to immunity, and the trial court erred by entering the summary judgment for him. We are not deciding whether Steven Smith violated § 3-7A-9(b), but only that his actions related to the enforcement of that statute are not protected by discretionary-function immunity. The judgment of the trial court is reversed and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES and MONROE, JJ., concur.
ROBERTSON, P.J., and THOMPSON, J., concur in the result.