[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14258
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cv-02142-JHH

SHERRY ROSS,

Plaintiff-Appellant,

versus

JEFFERSON COUNTY DEPARTMENT OF HEALTH,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 17, 2012)

Before HULL, PRYOR and FAY, Circuit Judges.

PER CURIAM:

The main issue presented in this appeal is whether the Jefferson County Department of Health is a state agency entitled to sovereign immunity, under the Eleventh Amendment, from a complaint of discrimination by a former employee. Sherry Ross appeals the summary judgment in favor of her former employer, the Department, and against her complaint of discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, 1983. The district court ruled that the Department is entitled to immunity, under the Eleventh Amendment, from Ross's complaint of disability discrimination and, alternatively, that Ross failed to request a reasonable accommodation for her disability. The district court also ruled that Ross waived her complaint of racial discrimination and, alternatively, that Ross failed to establish a prima facie case of racial discrimination. We conclude that the Department is immune from Ross's complaint of disability discrimination and that Ross waived her complaint of racial discrimination. We affirm.

## I. BACKGROUND

Ross, a former dental assistant with the Department, filed a complaint of discrimination based on her alleged disability of fibromyalgia, 42 U.S.C. § 12101, and based on her race, id. §§ 2000e, 1983. Ross alleged that the Department approved her request to take medical leave under the Family and Medical Leave

2

Act, 29 U.S.C. § 2612, but that the Department later refused her a reasonable accommodation when it denied her light duty and fired her for using leave under the Act. Ross alleged that a similarly-situated dental assistant who is white, Jennifer Glover, was not terminated after exhausting her leave under the Act.

The Department moved for summary judgment. The Department argued that, as a state entity, it enjoyed immunity, under the Eleventh Amendment, from Ross's complaint of disability discrimination. In the alternative, the Department argued that Ross failed to request an accommodation for her fibromyalgia. The Department also argued that Ross had withdrawn her complaint of racial discrimination by admitting during her deposition that race was not related to her termination and, alternatively, that the Department had proffered legitimate non-discriminatory reasons for Ross's termination.

Ross responded that the Department was not entitled to summary judgment. Ross argued that the Department was not entitled to immunity and that she had established a prima facie case of disability and racial discrimination. Ross submitted several exhibits in support of her response, including her termination letter from the Department and her affidavit. The termination letter stated that Ross was fired "for failure to return from approved medical leave" and that "the Department [was] no longer able to approve additional leave" because of the

3

"critical nature of the position" that she occupied.  The letter explained that Ross's "approved leave of absence ended on February 16, 2009"; her doctor's note "stated [she] [was] able to return to work on February 19, 2009"; and "[o]n February 11, 2009, [she] [had] exhausted [her] rights granted under the . . . Act." Ross's affidavit recounted the events that led to her termination.  In paragraph 32 of her affidavit, Ross said she "[had] personal knowledge" that, in 2006, Glover had exhausted her leave under the Act without being disciplined.

The Department moved to strike Ross's statements in her affidavit about Glover.  The Department argued that Ross's statement about having personal knowledge of Glover's leave under the Act contradicted Ross's deposition testimony.  The Department also argued that Ross had failed to explain the source of her information and that knowledge about Glover's leave could have been acquired only through inadmissible hearsay.

The district court granted the motions of the Department to strike paragraph 32 of Ross's affidavit and for summary judgment.  The district court ruled that the Department was immune from Ross's complaint of disability discrimination.  In the alternative, the district court ruled that the Department was entitled to summary judgment because Ross failed to request an accommodation for her disability.  The district court also ruled that Ross waived her complaint of racial

4

discrimination and, alternatively, that Ross failed to establish a prima facie case of racial discrimination.

## II. STANDARD OF REVIEW

We review a summary judgment <u>de novo</u> and view the evidence in the light most favorable to the nonmoving party. <u>Univ. of Ala. Bd. of Trs. v. New Life Art, Inc.</u>, 683 F.3d 1266, 1271 (11th Cir. 2012). Summary judgment should be entered when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

## III. DISCUSSION

We divide our discussion of this appeal in two parts. First, we address whether the Department is entitled to immunity, under the Eleventh Amendment, from Ross's complaint of discrimination based on her disability. Second, we address whether Ross waived her complaint of racial discrimination.

*A. The Department Is a State Agency Immune From Ross's Complaint of Disability Discrimination.*

The Eleventh Amendment guarantees that nonconsenting states cannot be sued by private individuals in federal court. <u>Bd. of Trs. of Univ. of Ala. v. Garrett,</u> 531 U.S. 356, 363, 121 S. Ct. 955, 961–62 (2001). Although Congress may sometimes abrogate the immunity of the states, under the Eleventh Amendment,

5

Congress did not validly abrogate that immunity under Title I of the Act. Id. at 360, 374 & n.9, 121 S. Ct. at 960, 967–68 & n.9. Because immunity from suit under the Eleventh Amendment "is in the nature of a jurisdictional bar," it "should be decided at an early stage" to protect the sovereignty of states and state agents by sparing them "the indignity of being haled into federal court by private litigants." Bouchard Transp. Co. v. Fla. Dep't of Envtl. Prot., 91 F.3d 1445, 1448 (11th Cir. 1996).

The Eleventh Amendment protects the immunity of not only the states, but of state agencies and entities that function as an "arm of the state." Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc). Whether an entity functions as an "arm of the state" is a federal question that we resolve by reviewing how the state courts treat the entity. Versiglio v. Bd. of Dental Exam'rs of Ala., 686 F.3d 1290, 1291 (11th Cir. 2012) (on petition for reh'g) (citing Regents of the Univ. of Calif. v. Doe, 519 U.S. 425, 429 n.5, 117 S. Ct. 900, 904 n.5 (1997)). "In conducting our analysis, this court 'has stated the most important factor is how the entity has been treated by the state courts.'" Id. at 1292 (quoting Tuveson v. Fla. Governor's Council on Indian Affairs, Inc., 734 F.2d 730, 732 (11th Cir. 1984)).

Alabama courts have uniformly treated county boards of health as state agencies. See Williams v. Madison Cnty. Bd. of Health, 523 So. 2d 453, 455 (Ala.

6

Civ. App. 1988) (holding that the Madison County Board of Health is a state agency entitled to sovereign immunity); Pack v. Blankenship, 612 So. 2d 399, 400 n.1 (Ala. 1992) (adopting Williams and holding that an employee of the Morgan County Health Department is a state employee); Bathgate v. Mobile Cnty. Bd. of Sch. Comm'rs, 689 So. 2d 109, 112–13 (Ala. Civ. App. 1996) (affirming summary judgment in favor of employees of the Mobile County Health Department under the reasoning employed in Pack). The Court of Civil Appeals has held, in the context of determining the immunity of an employee, that the Jefferson County Board of Health is a state agency. Smith v. Smith, 778 So. 2d 189, 191 (Ala. Civ. App. 1999). We must defer to that determination "absent some persuasive indication that the state's highest court would decide the issue otherwise." Silverberg v. Paine, Webber, Jackson & Curtis, Inc., 710 F.2d 678, 690 (11th Cir. 1983).

Ross argues that the Department is not immune from a complaint for monetary damages under the Act because the Department serves as an agent of the county, instead of the state, in performing personnel functions, but this argument fails. "In Eleventh Amendment cases, this Court uses four factors to determine whether an entity is [a state agent] in carrying out a particular function: (1) how state law defines the entity; (2) what degree of control the State maintains over the

entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity." Manders, 338 F.3d at 1309. The first and second factors weigh in favor of immunity because the authority and duties of the Department "are derived directly from the State." Id. at 1310–11. The Department is charged by the state to "supervise the enforcement of the health laws of the state"; to investigate and prevent diseases and "nuisances to public health"; and to ensure that all institutions accessed by the public or used to supply the public with goods are sanitary. Ala. Code § 22-3-2(1)–(4). Although state law vests the county with authority to hire and remove employees subject to its merit system instead of the state merit system, see id. §§ 22-3-4, 36-26-83, the Department operates under the supervision of the state. The state board of health supervises and controls the county boards of health, county health officers, and all public health work, id. §§ 22-1-3, 22-2-2(7), 22-3-1; the state health officer approves and may remove from office the county health officer, id. § 22-3-2(5); and the state health officer must approve any leave taken by the county health officer exceeding 30 days, id. § 22-3-5(7). As to the third factor, "state involvement is sufficient" to find that its funds are involved in the personnel decisions of the Department. Manders, 338 F.3d at 1324. State statutes mandate that the county provide an office and pay the salary for the county health officer,

8

furnish and staff the county health office, and give the county discretion to levy a tax that is used exclusively to fund the office. Ala. Code §§ 22-3-5(11), 22-3-6, 22-3-10; see also Op. Ala. Att'y Gen. 2007-087 (2007) (opining that the "Jefferson County Board of Health is a state agency receiving state funds that is subject to the Relationship Disclosure Law"). As to the fourth factor, the Department is responsible for paying any monetary judgment "out of [its] budget," and state law exempts the county from any claim against the Department. Ala. Code § 22-3-12. "[T]he liability-for-adverse-judgment factor does not defeat . . . immunity" for the Department. Manders, 338 F.3d at 1328.

Ross also argues that the Eleventh Amendment does not bar her claim for injunctive relief, but Ross failed to file a complaint against a state officer. Ross named only the Department as a defendant, but an injunction can issue only against an individual officer. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 74, 116 S. Ct. 1114, 1132 (1996) ("The Eleventh Amendment bar [may] be lifted, as it was in Ex parte Young, [209 U.S. 123, 28 S. Ct. 441 (1908)], to allow a suit against a state officer."). Ross argues that she could not list an official of the Department as a party because the Department was her employer, but Ross could have sought injunctive relief against the county health officer who is vested with the authority to hire and terminate employees. See Ala. Code § 22-3-4.

9

The district court correctly granted summary judgment in favor of the Department and against Ross's complaint of discrimination based on her disability.  The Department is a state agency entitled to immunity under the Eleventh Amendment, and the Department is immune from a complaint of employment discrimination under Title I of the Americans with Disabilities Act.

*B. The District Court Correctly Granted Summary Judgment Against Ross's Complaint of Racial Discrimination.*

Ross waived her complaint of racial discrimination.  Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff."  Springer v. Convergys Customer Mgmt. Grp., Inc., 509 F.3d 1344, 1347 (11th Cir. 2007).  When asked during her deposition whether she "[felt] like [her] termination had anything to do [with] . . . [her] race," Ross responded, "no." Based on Ross's unequivocal concession, the district court was entitled to grant summary judgment in favor of the Department.

10

## IV. CONCLUSION

We **AFFIRM** the summary judgment in favor of the Department.