[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14258
Non-Argument Calendar

_____

D.C. Docket No. 2:10-cv-02142-JHH

SHERRY ROSS,

Plaintiff-Appellant,

versus

JEFFERSON COUNTY DEPARTMENT OF HEALTH,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(November 15, 2012)

Before HULL, PRYOR and FAY, Circuit Judges.

PER CURIAM:

We sua sponte vacate and reconsider our original opinion in this matter. We

substitute the following opinion for our original opinion.

The main issue presented in this appeal is whether the Jefferson County

Department of Health is a state agency entitled to sovereign immunity, under the

Eleventh Amendment, from a complaint of discrimination by a former employee.

Sherry Ross appeals the summary judgment in favor of her former employer, the

Health Department, and against her complaint of discrimination in violation of the

Americans with Disabilities Act, 42 U.S.C. § 12101, and Title VII of the Civil

Rights Act of 1964, 42 U.S.C. §§ 2000e, 1983.  The district court ruled that the

Health Department is entitled to immunity, under the Eleventh Amendment, from

Ross's complaint of disability discrimination and, alternatively, that Ross failed to

request a reasonable accommodation for her disability.  The district court also

ruled that Ross waived her complaint of racial discrimination and, alternatively,

that Ross failed to establish a prima facie case of racial discrimination.  We

conclude that the Health Department is immune from Ross's complaint of

disability discrimination and that Ross waived her complaint of racial

discrimination.  We affirm.

## I. BACKGROUND

Ross, a former dental assistant with the Health Department, filed a complaint

of discrimination based on her alleged disability of fibromyalgia, 42 U.S.C. §

12101, and based on her race, id. §§ 2000e, 1983.  Ross alleged that the Health

Department approved her request to take medical leave under the Family and

Medical Leave Act, 29 U.S.C. § 2612, but that the Health Department later refused

her a reasonable accommodation when it denied her light duty and fired her for

using leave under the Act.  Ross alleged that a similarly-situated dental assistant who is white, Jennifer Glover, was not terminated after exhausting her leave under the Act.

The Health Department moved for summary judgment.  The Health Department argued that, as a state entity, it enjoyed immunity, under the Eleventh Amendment, from Ross's complaint of disability discrimination.  In the alternative, the Health Department argued that Ross failed to request an accommodation for her fibromyalgia.  The Health Department also argued that Ross had withdrawn her complaint of racial discrimination by admitting during her deposition that race was not related to her termination and, alternatively, that the Health Department had proffered legitimate non-discriminatory reasons for Ross's termination.

Ross responded that the Health Department was not entitled to summary judgment. Ross argued that the Health Department was not entitled to immunity and that she had established a prima facie case of disability and racial discrimination.  Ross submitted several exhibits in support of her response, including her termination letter from the Health Department and her affidavit.  The termination letter stated that Ross was fired "for failure to return from approved medical leave" and that "the Department [was] no longer able to approve additional leave" because of the "critical nature of the position" that she occupied. The letter explained that Ross's "approved leave of absence ended on February 16,

2009"; her doctor's note "stated [she] [was] able to return to work on February 19, 2009"; and "[o]n February 11, 2009, [she] [had] exhausted [her] rights granted under the . . . Act." Ross's affidavit recounted the events that led to her termination. In paragraph 32 of her affidavit, Ross said she "[had] personal knowledge" that, in 2006, Glover had exhausted her leave under the Act without being disciplined.

The Health Department moved to strike Ross's statements in her affidavit about Glover. The Health Department argued that Ross's statement about having personal knowledge of Glover's leave under the Act contradicted Ross's deposition testimony. The Health Department also argued that Ross had failed to explain the source of her information and that knowledge about Glover's leave could have been acquired only through inadmissible hearsay.

The district court granted the motions of the Health Department to strike paragraph 32 of Ross's affidavit and for summary judgment. The district court ruled that the Health Department was immune from Ross's complaint of disability discrimination. In the alternative, the district court ruled that the Health Department was entitled to summary judgment because Ross failed to request an accommodation for her disability. The district court also ruled that Ross waived her complaint of racial discrimination and, alternatively, that Ross failed to establish a prima facie case of racial discrimination.

## II. STANDARD OF REVIEW

We review a summary judgment <u>de novo</u> and view the evidence in the light most favorable to the nonmoving party.  <u>Univ. of Ala. Bd. of Trs. v. New Life Art, Inc.</u>, 683 F.3d 1266, 1271 (11th Cir. 2012).  Summary judgment should be entered when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

## III. DISCUSSION

We divide our discussion of this appeal in two parts.  First, we address whether the Health Department is entitled to immunity, under the Eleventh Amendment, from Ross's complaint of discrimination based on her disability.  Second, we address whether Ross waived her complaint of racial discrimination.

### A.  *The Health Department Is a State Agency Immune From Ross's Complaint of Disability Discrimination.*

The Eleventh Amendment guarantees that nonconsenting states cannot be sued by private individuals in federal court.  <u>Bd. of Trs. of Univ. of Ala. v. Garrett</u>, 531 U.S. 356, 363, 121 S. Ct. 955, 961–62 (2001).  Although Congress may sometimes abrogate the immunity of the states, under the Eleventh Amendment, Congress did not validly abrogate that immunity under Title I of the Act.  <u>Id.</u> at 360, 374 & n.9, 121 S. Ct. at 960, 967–68 & n.9.  Because immunity from suit under the Eleventh Amendment "is in the nature of a jurisdictional bar," it "should be decided at an early stage" to protect the sovereignty of states and state agents by

sparing them "the indignity of being haled into federal court by private litigants." Bouchard Transp. Co. v. Fla. Dep't of Envtl. Prot., 91 F.3d 1445, 1448 (11th Cir. 1996).

The Eleventh Amendment protects the immunity of not only the states, but of state agencies and entities that function as an "arm of the state." Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc). Whether an entity functions as an "arm of the state" is a federal question that we resolve by reviewing how the state courts treat the entity. Versiglio v. Bd. of Dental Exam'rs of Ala., 686 F.3d 1290, 1291 (11th Cir. 2012) (on petition for reh'g) (citing Regents of the Univ. of Calif. v. Doe, 519 U.S. 425, 429 n.5, 117 S. Ct. 900, 904 n.5 (1997)). "In conducting our analysis, this court 'has stated the most important factor is how the entity has been treated by the state courts.'" Id. at 1292 (quoting Tuveson v. Fla. Governor's Council on Indian Affairs, Inc., 734 F.2d 730, 732 (11th Cir. 1984)). In Versiglio, we initially held that the Alabama Board of Dental Examiners was not an "arm of the state" based upon a decision by the Alabama Court of Civil Appeals. Id. at 1292. After we became aware that the Supreme Court of Alabama granted a petition for a writ of certiorari filed by the Board, we withheld issuance of our mandate for fear of "the incongruous result of having a 'state agency' that is immune from suit under state law but not federal law." Id. The Supreme Court of Alabama issued a decision that the Board of Dental Examiners "is in fact an arm of

6

the state and is entitled to immunity from suits in Alabama state courts." Id. After that decision, we vacated the prior panel opinion and entered a new opinion that the Board was an "arm of the state." Id. at 1291.

Alabama courts have uniformly treated county boards of health as state agencies. See Pack v. Blankenship, 612 So. 2d 399, 400 n.1 (Ala. 1992) (holding that an employee of the Morgan County Health Department is a state employee); Bathgate v. Mobile Cnty. Bd. of Sch. Comm'rs, 689 So. 2d 109, 112–13 (Ala. Civ. App. 1996) (affirming summary judgment in favor of employees of the Mobile County Health Department under the reasoning employed in Pack); Williams v. Madison Cnty. Bd. of Health, 523 So. 2d 453, 455 (Ala. Civ. App. 1988) (holding that the Madison County Board of Health is a state agency entitled to sovereign immunity). The Court of Civil Appeals has held, in the context of determining the immunity of an employee, that the Health Department is a state agency. Smith v. Smith, 778 So. 2d 189, 191 (Ala. Civ. App. 1999). We must defer to that determination "absent some persuasive indication that the state's highest court would decide the issue otherwise." Silverberg v. Paine, Webber, Jackson & Curtis, Inc., 710 F.2d 678, 690 (11th Cir. 1983).

Ross argues that the Health Department is not immune from a complaint for monetary damages under the Act because the Health Department serves as an agent of the county, instead of the state, in its performance of personnel functions,

7

but this argument fails.  "In Eleventh Amendment cases, this Court uses four factors to determine whether an entity is [a state agent] in carrying out a particular function: (1) how state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity."  Manders, 338 F.3d at 1309.  Because Ross sued about her allegedly wrongful termination, the "function" at issue is the termination of employees, and state law establishes that the state controls that function.

As to the first factor, state law defines the Health Department as an "arm of the state."  State statutory law assigns to county boards of health the exclusive authority to perform "public health work" that is subject to "the supervision and control of the State Board of Health."  Ala. Code §§ 22-1-3, 22-2-2(7), 22-3-1, 22-3-4.  The Health Department is headed by the Health Officer, id. § 22-3-2(5), who is defined by statute as a state officer, see id. §§ 22-3-2(5), 22-3-4, 22-3-5.  Because Jefferson County has a population greater than 400,000, state law requires the Health Department to use the county personnel and merit systems instead of the state merit system, Enabling Act, Act No. 248 § 2, 1945 Ala. Acts 388, 377; Ala. Code § 36-26-83, but the Health Officer, a state official, is the "appointing authority" who both hires and terminates employees, Act No. 248 §§ 20, 22, 1945 Ala. Acts 394–95.

8

As to the second factor, the state controls the personnel decisions within the Health Department, including terminations.  The state board of health supervises and controls the county boards of health, each county health officer, and all public health work.  Ala. Code §§ 22-1-3, 22-2-2(7), 22-3-1.  The state health officer approves and may remove from office any county health officer.  Id. § 22-3-2(5).  The state health officer must approve any leave taken by any county health officer exceeding 30 days, id. § 22-3-5(7).  The Health Department uses the county personnel system, see Act No. 248 § 22, 1945 Ala. Acts 395, but, through the Health Officer, the Health Department is "vested with discretion to dismiss or demote any employee 'for just cause whenever [it] considers the good of the service will be served thereby,'" see id. § 22, 1945 Ala. Acts 395–97.  The Health Officer, a state official, controls the termination function alleged in Ross's complaint.

As to the third factor, the source of funding for the Health Department does not "tip the balance" against immunity because state law requires the county to supply those funds.  See McMillian v. Monroe Cnty., 520 U.S. 781, 791, 117 S. Ct. 1734, 1740 (1997).  State statutes mandate that the county provide an office and pay the salary for the Health Officer, mandate that the county furnish and staff the Health Department, and give the county discretion to levy a tax that is used exclusively to fund the Health Department.  Ala. Code §§ 22-3-5(11), 22-3-6, 22-

9

3-10; see also Op. Ala. Att'y Gen. 2007-087 (2007) (opining that the "Jefferson County Board of Health is a state agency receiving state funds that is subject to the Relationship Disclosure Law"). County funding of the Health Department does not "tip the balance" against immunity because there is no evidence that the county exerts control over the Health Department, see McMillian, 520 U.S. at 791, 117 S. Ct. at 1740, and the county funds the Health Department only because state law requires it to do so, see Manders, 338 F.3d at 1324.

As to the fourth factor, our precedent holds that liability by the state treasury is not determinative of whether a governmental entity should enjoy Eleventh Amendment immunity. Id. at 1327. The lack of a per se rule derives from states maintenance of "certain attributes of sovereignty, and a purpose of the Eleventh Amendment is to accord[] the States the respect owed them as members of the federation and not to affront the dignity or integrity of a state by requiring a state to respond to lawsuits in federal courts." Id. (internal quotation omitted). The Health Department is responsible for paying any monetary judgment "out of [its] budget," and state law exempts the county from any claim against the Health Department. Ala. Code § 22-3-12. We do not limit Eleventh Amendment immunity "to who foots the bill . . . ." Manders, 338 F.3d at 1328.

Ross also argues that the Eleventh Amendment does not bar her claim for injunctive relief, but Ross failed to file a complaint against a state officer. Ross

named only the Health Department as a defendant, but an injunction can issue only against an individual officer. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 74, 116 S. Ct. 1114, 1132 (1996) ("The Eleventh Amendment bar [may] be lifted, as it was in Ex parte Young, [209 U.S. 123, 28 S. Ct. 441 (1908)], to allow a suit against a state officer."). Ross argues that she could not list an official of the Health Department as a party because the Health Department was her employer, but Ross could have sought injunctive relief against the Health Officer who is vested with the authority to hire and terminate employees. See Ala. Code § 22-3-4.

The district court correctly granted summary judgment in favor of the Health Department and against Ross's complaint of discrimination based on her disability. The Health Department is a state agency entitled to immunity under the Eleventh Amendment, and the Health Department is immune from a complaint of employment discrimination under Title I of the Americans with Disabilities Act.

### B. The District Court Correctly Granted Summary Judgment Against Ross's Complaint of Racial Discrimination.

Ross waived her complaint of racial discrimination. Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated

11

against the plaintiff remains at all times with the plaintiff." <u>Springer v. Convergys Customer Mgmt. Grp., Inc.</u>, 509 F.3d 1344, 1347 (11th Cir. 2007). When asked during her deposition whether she "[felt] like [her] termination had anything to do [with] . . . [her] race," Ross responded, "no." Based on Ross's unequivocal concession, the district court was entitled to grant summary judgment in favor of the Health Department.

## IV. CONCLUSION

We **AFFIRM** the summary judgment in favor of the Health Department.