[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13939
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-00437-CG-N


BONNIDE JOHNSON,

                                        Plaintiff-Appellant,

                    versus

TONY PATTERSON,
CHRIS SUMMERS,

                                        Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(May 28, 2013)

Before  HULL, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Bonnide Johnson, an Alabama prisoner proceeding *pro se* and *in forma pauperis*, appeals the district court's *sua sponte* dismissal of his 42 U.S.C. § 1983 civil rights complaint.  Johnson's complaint asserts the defendants, two prison officials, violated his rights to worship and participate in Ramadan.  The district court dismissed the complaint as frivolous under  28 U.S.C. § 1915(e)(2)(B)(i).  Johnson raises multiple issues on appeal, which we address in turn.

Issue One

Johnson first argues that two provisions of the Prison Litigation Reform Act of 1995 (PLRA)—§ 1915(e)(2)(B)(i) and 42 U.S.C. § 1997e(c)—violate his rights to due process and access to the courts by requiring him to litigate against a magistrate rather than the defendants.[1]  We review questions of constitutional law *de novo*.  *United States v. Ward*, 486 F.3d 1212, 1221 (11th Cir. 2007).

Section 1915(e)(2)(B)(i), which only addresses procedures to be followed by the district court once a claim is presented before the court, did not impede or restrict Johnson's ability to prepare, file, and bring to the court's attention his complaint.  *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1323 (11th Cir. 2001) (addressing a dismissal for failure to state a claim under § 1915(e)(2)(B)(ii)).  Similarly, there is no due process violation where Johnson filed objections to the

---

[1] To the extent Johnson's brief may be read as seeking redress for the deprivations of other prisoners' rights, he has alleged no facts establishing his standing to do so.  *See Harris v. Evans*, 20 F.3d 1118, 1121 (11th Cir. 1994) (*en banc*).

2

magistrate's report and recommendation, and the district court conducted a *de novo* review before dismissing his complaint under § 1915(e)(2)(B). *Id.* at 1324.

Section 1997e(c) likewise only addresses procedures to be followed by a court after an inmate's claim is presented, and did not restrict Johnson's ability to prepare and file complaints or bring them to the court's attention. *See id.* at 1323. Nor did the initial screening by a magistrate under § 1997e(c) violate due process, where, as here, Johnson had the opportunity to file objections to the magistrate's R&R, and the district court conducted a *de novo* review. *See id.*

Issue Two

Johnson next argues the court improperly dismissed his complaint, as his claims against the defendants had an arguable basis in law and fact, and the dismissal improperly deprived him of one of his "three strikes" under 28 U.S.C. § 1915(g). We review a district court's dismissal of a claim as frivolous under § 1915(e)(2)(B)(i) for an abuse of discretion. *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). A claim is frivolous if it is without arguable merit in either law or fact. *Id*.

Under § 1997e(e), a prisoner may not bring a federal civil action for damages for mental or emotional injury suffered while in custody absent a showing of physical injury. 42 U.S.C. § 1997e(e); *Napier*, 314 F.3d at 531. Because Johnson did not allege a physical injury, § 1997e(e) barred his claims for damages

3

for mental anguish, anxiety, and depression that resulted from the defendants' actions, and the district court did not abuse its discretion in dismissing the claims as frivolous. *See* 42 U.S.C. § 1997e(e); *Napier*, 314 F.3d at 531. Moreover, Johnson has cited no authority for the proposition that the district court's dismissal improperly deprived him of one of his "three strikes" under § 1915(g).

Issue Three

Johnson contends § 1997e(e) violates the separation of powers doctrine by denying prisoners the right to seek compensatory damages absent a showing of a physical injury. Johnson's claim that § 1997e(e) impermissibly prescribes a rule of decision is contrary to the reasoning underlying our decision in *Harris v. Garner*, namely, that § 1997e(e) does not bar all relief for certain constitutional violations, but rather is only a limitation on recovery, within Congress's power to legislate. 190 F.3d 1279, 1287-89 (11th Cir.), *vacated*, 197 F.3d 1059 (11th Cir. 1999), *reinstated in relevant part*, 216 F.3d 970, 972, 985 (11th Cir. 2000) (*en banc*).

Issue Four

Finally, Johnson argues the restriction on his right to recover damages absent a showing of physical injury violates the Eleventh Amendment and § 1983 by granting immunity from monetary damages to prison officials who knew, or should have known, they were violating Johnson's constitutional rights. Johnson fails to explain how the PLRA violates any rights he may have under the Eleventh

4

Amendment, which protects states from suits brought by individuals in federal court. *Ross v. Jefferson Cnty. Dep't of Health*, 701 F.3d 655, 658-59 (11th Cir. 2012). With respect to his argument that the PLRA "violates" § 1983, even if the PLRA conflicted with § 1983, the PLRA would control, as it was enacted after, and is more specific than, § 1983. *See Miccosukee Tribe of Indians of Fla. v. U.S. Corps of Eng'rs*, 619 F.3d 1289, 1299 (11th Cir. 2010). Moreover, Johnson has provided no authority for his implicit proposition that any such conflict, assuming that it existed, would entitle him to relief in the instant case.

    **AFFIRMED.**