[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11011
Non-Argument Calendar
_____

D.C. Docket No. 3:17-cv-00071-TCB

J. T. HATCHER,

Plaintiff-Appellant,

versus

STATE OF ALABAMA DEPARTMENT OF HUMAN SERVICES,
CHILD SUPPORT ENFORCEMENT DIVISION,

Defendant-Appellee,

JUDGE MAUREEN GOTTFRIED,

Interested Party-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 29, 2018)

Before MARTIN, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

J.T. Hatcher, proceeding pro se, appeals the dismissal of Exel, Inc. ("Exel"), the denial of leave to amend his complaint to add parties, and the dismissal of his complaint for lack of subject matter jurisdiction against the State of Alabama Department of Human Services, Child Support Enforcement Division ("ADHS"). We affirm.

## I. BACKGROUND

Hatcher filed a complaint pursuant to 42 U.S.C. § 1983 against ADHS for ordering and enforcing child-support payments against him in violation of the Fifth and Fourteenth Amendments to the United States Constitution. He alleged that Alabama lacked jurisdiction over him when it entered a child-support order against him because he and his wife were still married at the time and they were not citizens of Alabama. He further alleged that ADHS failed to notify the State of Georgia, where he is a citizen, of the child support sought; that there was no valid divorce between him and his wife and, consequently, Alabama lacked the authority to enter a child-support order against him; and that the withholdings have been ongoing since 2013. Hatcher sought injunctive relief to suspend enforcement of the order and to direct any law-enforcement agency to disregard it.

Hatcher filed his first amended complaint and added Exel, his employer, as a defendant for illegally withholding income to satisfy the Alabama child-support order despite his sending a cease-and-desist letter. He sought to enjoin the

2

company from further withholdings from his paycheck. Exel filed a motion to dismiss for failure to state a claim upon which relief may be granted, arguing that it had a legal obligation to comply with the Alabama order and that an employer may not be liable for withholding income in accordance with a valid court order. Exel further argued that Hatcher's requested relief was moot because it received and complied with a termination notice regarding the child-support withholdings.

Hatcher moved for leave to amend his complaint to add two parties: Judge Maureen Gottfried, a Georgia state court judge who oversaw his divorce proceedings, and Maxine Wallace, an attorney representing his ex-wife in that case. Wallace and Judge Gottfried filed responses in opposition to Hatcher's motion seeking leave to add them as parties.

In a combined order, the district court granted Exel's motion to dismiss and denied Hatcher's motion for leave to amend. The court concluded Exel was under a legal obligation to comply with the child-support order and could not know the circumstances that Hatcher alleged it should know in order to refuse to comply. The court denied Hatcher's motion for leave to amend based on judicial immunity and *Younger*[1] grounds because the state divorce proceeding was ongoing.

The district court ordered Hatcher to file briefing regarding the court's subject matter jurisdiction over ADHS as the only remaining defendant, raising

---

[1] *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971).

concerns about sovereign immunity. Hatcher filed a motion to set aside in part or modify the order dismissing Exel and denying leave to amend and moved the court to enter a default judgment against ADHS for failure to respond. He also filed a response to the court's order directing his briefing on sovereign immunity, reiterating that he was entitled to a default judgment and arguing that a sovereign-immunity defense did not take precedence over his constitutional rights.

The court entered an order addressing the jurisdictional issue and dismissed the case sua sponte without prejudice for lack of subject matter jurisdiction. The court concluded that, as a state agency, ADHS was entitled to Eleventh Amendment immunity, which acted as a jurisdictional bar.

Hatcher raises three issues on appeal. First, he argues that the court erred in dismissing Exel for failure to state a claim. Second, he argues that the district court abused its discretion when it denied his motion for leave to amend the complaint to add two parties. Hatcher finally argues that the district court erred when it dismissed his complaint against ADHS for lack of subject matter jurisdiction on sovereign-immunity grounds.

## II. DISCUSSION

### A. Dismissal of Exel

We review a grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim de novo, "accepting the allegations

in the complaint as true and construing them in the light most favorable to the plaintiff." *Behrens v. Regier*, 422 F.3d 1255, 1259 (11th Cir. 2005). An employer has several statutory duties to comply with income-withholding orders for child support. *See, e.g.*, O.C.G.A. § 19-11-154; *see also* 42 U.S.C. § 666(b)(6)(C). An employer that complies with an income-withholding order may not be subject to civil liability to an individual or agency for withholding income pursuant to the order. 42 U.S.C. § 666(b)(6)(A)(i); O.C.G.A. § 19-11-153.

Hatcher filed a complaint against Exel because it was withholding payments from his income in accordance with an Alabama child-support order and sought an injunction to cease withholdings. Accepting Hatcher's allegations as true and construing them in the light most favorable to him, Exel was nonetheless under statutory duties to follow the order and cannot be held liable for complying. *See* 42 U.S.C. § 666(b)(6)(A)(i), (b)(6)(C); O.C.G.A. §§ 19-11-153, 19-11-154; *Behrens*, 422 F.3d at 1259. Thus, the district court did not err in granting Exel's motion to dismiss for failure to state a claim upon which relief may be granted.

## B. Denial of Leave to Amend

We review a district court's order denying a motion for leave to amend for abuse of discretion; however, we review de novo the underlying legal conclusion of whether a particular amendment to the complaint would be futile. *Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1093-94 (11th Cir. 2017). A district

5

court "should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). "But 'a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile,' such as 'when the complaint as amended is still subject to dismissal' . . . ." *Chang*, 845 F.3d at 1094 (quoting *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004)).

### 1. Judicial Immunity

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 1105 (1978); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996)). Absolute judicial immunity "applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.*

> Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.

*Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005).

Hatcher sought to add a state court judge based on her entering a divorce decree, a normal judicial function taken during a controversy in a case pending

6

before her. *Id.* Thus, the district court did not abuse its discretion in denying leave to amend to add Judge Gottfried as a party.

### 2. *Younger* Doctrine

We review a district court's decision to abstain on *Younger* grounds for an abuse of discretion. *Wexler v. Lepore*, 385 F.3d 1336, 1338 (11th Cir. 2004). "Under *Younger v. Harris* and its progeny, federal district courts must refrain from enjoining pending state court proceedings except under special circumstances." *Old Republic Union Ins. Co. v. Tillis Trucking Co.*, 124 F.3d 1258, 1261 (11th Cir. 1997).

"The question . . . is threefold: first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 2521 (1982) (emphasis omitted). Georgia has recognized that marriage "continues to be of vital interest to the State." *Scherer v. Scherer*, 292 S.E.2d 662, 665 (Ga. 1982) (quoting *Posner v. Posner*, 233 So. 2d 381, 384 (Fla. 1970)).

Hatcher sought to add parties who participated in his underlying divorce case in state court that he conceded was ongoing due to his appeal to the Georgia Court of Appeals, satisfying the first factor in the *Middlesex* analysis. *Middlesex*,

7

457 U.S. at 432, 102 S. Ct. at 2521.  Moreover, divorce cases implicate important state interests, as they pertain to marriage.  *Id.*; *Scherer*, 292 S.E.2d at 665. Finally, Hatcher presents no argument that the state proceeding does not provide an adequate opportunity to raise his constitutional challenges.  *Middlesex*, 457 U.S. at 432, 102 S. Ct. at 2521.  Thus, the district court did not abuse its discretion in denying leave to amend when it concluded that amendment would be futile based on *Younger* grounds.

### C. Dismissal of the Complaint

We review a district court's dismissal for lack of subject matter jurisdiction de novo.  *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009).  Federal courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."  *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005).  A court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction."  Fed. R. Civ. P. 12(h)(3).

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  Thus, Eleventh Amendment immunity is a threshold issue that should be decided at an early stage.  *Ross v. Jefferson Cty. Dep't of Health*, 701 F.3d 655, 659 (11th Cir.

8

2012) (holding that the Alabama Health Department was an arm of the state entitled to sovereign immunity).

"The Eleventh Amendment prohibits a federal court from exercising jurisdiction over a lawsuit against a state, except where the state has consented to be sued or waived its immunity, or where Congress has overridden the state's immunity." *Cross v. Alabama*, 49 F.3d 1490, 1502 (11th Cir. 1995). Congress has not overridden a state's immunity for § 1983 cases. *Id.* Alabama has not agreed to be sued for violations of an individual's civil rights. *See* Ala. Const. art. I, § 14 ("[T]he State of Alabama shall never be made a defendant in any court of law or equity."); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 3058 (1978).

Sovereign immunity under the Eleventh Amendment applies to states and to "agencies and entities that function as an 'arm of the state.'" *Ross*, 701 F.3d at 659 (quoting *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc)). We determine whether an agency is an "arm of the state" by considering three factors: "(1) how the state law defines the entity; (2) the degree of state control over the entity; and (3) the entity's fiscal autonomy—i.e., where the entity derives its funds and who is responsible for judgments against the entity." *Walker v. Jefferson Cty. Bd. of Educ.*, 771 F.3d 748, 751 (11th Cir. 2014) (quoting *Stewart v. Baldwin Cty. Bd. of Educ.*, 908 F.2d 1499, 1509 (11th Cir. 1990)). Alabama routinely treats the Department of Human Services as a state agency entitled to sovereign immunity.

9

*See, e.g.*, *Ex parte Ala. Dep't of Human Res.*, 999 So. 2d 891, 898 (Ala. 2008) (holding that sovereign immunity precluded a civil action against the child support payment center of the Alabama Department of Human Services). We have held that where an arm of the state is entitled to sovereign immunity, a district court may dismiss without prejudice a § 1983 action for lack of subject matter jurisdiction. *Nichols v. Ala. State Bar*, 815 F.3d 726, 733 (11th Cir. 2016) (holding that the Alabama State Bar was an arm of the state for Eleventh Amendment immunity purposes).

Hatcher filed a complaint against ADHS, which is treated as an arm of the state by Alabama and thus is entitled to Eleventh Amendment immunity. *Ex parte Ala. Dep't of Human Res.*, 999 So. 2d at 898. Accordingly, the district court did not err when it concluded that it lacked jurisdiction and dismissed the case.

**AFFIRMED.**